METROPOLITAN WORLD TANKER, CORP., et al., Plaintiffs,

v.

P. N. PERTAMBANGAN MINJAKDANGAS BUMI NASIONAL (P. M. PERTAMINA), Defendant.

No. 75 Civ. 6123.

United States District Court, S. D. New York.

Dec. 22, 1975.

Hill, Betts & Nash by Eli Ellis, David I. Gilchrist, Francis H. McNamara, New York City, for plaintiffs.

Burke & Parsons by Raymond J. Burke, Richard E. Burke, thomas A. Dillon, Jr., Jean C. Boggie, New York City, for defendants.

MEMORANDUM OPINION AND ORDER

MOTLEY, District Judge.

On December 5, 1975, plaintiffs made an ex parte application to this court for an order of attachment in this matter. Said order was issued by the court pursuant to Rule 64 of the Federal Rules of Civil Procedure and Section 6201(1) of the New York State Civil Practice Law and Rules. As a condition to that order, the court specified that under the decision in *Sugar v. Curtis Circulation Co.*, 383 F.Supp. 643 (S.D.N.Y. 1974), defendants should be given opportunity to vacate the order at a post-seizure hearing at which the creditor-plaintiffs were to prove the grounds upon which the writ issued.

Such a hearing was held on December 15, 1975, at which time the court reserved decision as to the continuation of the order of attachment. Having now considered the arguments presented, the court has decided to vacate the order of attachment and at the same time enter an order pursuant to 9 U.S.C. Section 206 directing that the parties to this action proceed to arbitration immediately in accordance with the provisions of their arbitration agreement.

In reaching this decision, a preliminary determination made by the court was that plaintiffs' citation of what they termed "their rights" under 9 U.S.C. § 8 in both the complaint and amended complaint was inapposite. That section provides that "[i]f

the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then . . . the party claiming to be aggrieved may begin his proceeding . . . by libel and seizure of the vessel or other property . . . according to the usual course of admiralty proceedings . . . ." In *Barge "Anaconda" v. American Sugar Refining Co.*, 322 U.S. 42, 45, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944), the Supreme Court observed that this section "saves the right of an aggrieved party to invoke" the jurisdiction of the court in admiralty matters where arbitration is involved. But that is not the purpose to which plaintiffs attempt to put that section in the instant action. The cases show that Section 8 has been applied purposefully "to give an aggrieved party in a maritime controversy the benefit of jurisdiction in rem or by foreign attachment . . . ." *The Belize*, 25 F.Supp. 663, 665 (S.D.N.Y.1938). In this case, plaintiffs' attachment based solely on the fact that defendants are foreign corporations under CPLR Section 6201(1) is not a "traditional admiralty procedure" within the meaning and purpose of Section 8. This is not an *in rem* claim based on a maritime lien and is not a foreign attachment since defendants have an office in the district, so plaintiffs are not entitled to an attachment under Section 8.

▮▮ Plaintiffs' eleventh hour attempts to bring the cause of action under 9 U.S.C. Sections 3 or 4 also are unfounded. As to Section 4, which provides a remedy of an order to compel arbitration for "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration", no showing has been made that arbitration has indeed been sought or refused. As to Section 3, plaintiff seems to totally misconstrue the Supreme Court's decision in *Barge "Anaconda", supra*. Section 3 provides for a stay of proceedings pending arbitration, but such stay is clearly a remedy intended for a defendant who wants to compel plaintiff to arbitrate, and this is set out in the *Anaconda* decision.

▮▮ Ultimately, the court concludes that plaintiffs' invocation of its jurisdiction in this matter must be under 9 U.S.C. §§ 201 *et seq.*, as set out in paragraph 35 of the amended complaint. These sections constitute the enabling legislation for United States adherence to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The present controversy falls squarely within the boundaries befined for such actions in 9 U.S.C.Section 202. This is not a dispute regarding a "relationship which is entirely between citizens of the United States"; indeed none of the parties is a United States citizen. In addition, it is a dispute which arises out of a commercial legal relationship as described in 9 U.S.C. Section 2—namely "a written provision in any maritime transaction."

Under these sections of Title 9, it seems clear that if plaintiffs were to prevail at arbitration, they would have recourse to this court for attachment of defendants' assets. Article III of the convention, incorporated into 9 U.S.C. Section 201, specifies that a contracting state shall "enforce [arbitral awards] in accordance with the rules of procedure of the territory where the award is relied upon."

However, there is no such indication that prearbitration attachment is warranted under the convention. Indeed, the very purpose behind the convention is to bring about the settlement of appropriate disputes solely through arbitration proceedings, and to allow a resort to attachment before such proceedings would seem to put an unnecessary and counterproductive pressure on a situation which could otherwise be settled expeditiously and knowledgeably in an arbitration context. As the Third Circuit has noted in this respect, "the obvious purpose of the enactment of [this law] permitted removal of all cases falling within the terms of the treaty, was to prevent the vagaries of state law from impeding its full implementation. Permitting a continued resort to foreign attachment in breach of the agreement is inconsistent with that purpose." *McCreary Tire & Rubber Company*

*v. CEAT*, 501 F.2d 1032, 1038 (3rd Cir. 1974).

As plaintiffs themselves note in their brief, arbitration can be commenced in this matter almost immediately, and an award determined soon thereafter. Indeed, it seems somewhat peculiar to this court that a demand for arbitration has not been made earlier by plaintiffs.

Now, however, both plaintiffs and defendants seem clearly amenable to the commencement of arbitration and have asked this court to make an order to that effect. The authority to promulgate such an order is clearly within this court's jurisdiction under 9 U.S.C. Section 206, and accordingly, it is hereby ordered that the arbitration procedure necessary to the settlement of this dispute between the parties to this action be instituted immediately according to the terms set down in the agreements at issue here. The order of attachment signed by this court on December 5, 1975, is vacated.

SO ORDERED.