ATLAS CHARTERING SERVICES, INC., Plaintiff,

v.

WORLD TRADE GROUP, INC., Defendant.

No. 78 Civ. 2572 (LFM).

United States District Court, S. D. New York.

July 19, 1978.

Collier, Shannon, Rill, Edwards & Scott by Daniel S. Kozma, Washington, D. C., Katz & Weinstein by Sanford M. Katz, New York City, for defendant.

Freehill, Hogan & Mahar by Robert J. Babiak, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant moves to vacate a stay contained in an order to show cause, dated June 6, 1978, bringing on plaintiff's motion, returnable on June 9, 1978, for an order pursuant to Rule B(1) of the Supplementary Rules for Certain Admiralty and Maritime Claims ("Rule B(1)") attaching defendant's assets in the possession of two New York banks.

Plaintiff, a foreign corporation, is the disponent owner of the M/V "GOLDEN HOPE." On March 28, 1978, plaintiff and defendant, another foreign corporation, en-

tered into a charter party under which plaintiff agreed to carry defendant's cargoes and defendant agreed to pay freight. The charter party contained a clause providing for London arbitration of all disputes. Plaintiff apparently carried some of the cargoes and now alleges that freight, demurrage and other expenses are owed by defendant. This action to compel arbitration was commenced, and, by motion brought on by an order to show cause, plaintiff now seeks a maritime attachment before the arbitration.

The order to show cause, made by Judge Knapp presiding in Part I, provided for service upon the banks and upon defendant on or before June 7, 1978, pursuant to Rule 4(e), Fed.R.Civ.P., and contained a stay prohibiting transferring or using the funds belonging to defendant pending determination of the motion. Both banks were served personally on June 7, 1978 by certified mail addressed to defendant's Washington, D.C. office. Due to a clerical error, the served copies of the order to show cause were conformed without the reproduction of Judge Knapp's signature.

Defendant's contention that the show cause order of Judge Knapp, dated June 6, 1978, is void *ab initio* is without merit. The failure to reproduce the Judge's signature on the order was a harmless error since the copies served did contain all other provisions of the original order. The mere fact that defendant may not have *received* a copy of the order to show cause prior to the return day is both immaterial and harmless in light of the fact that plaintiff served defendant by certified mail on June 6, 1978 and the fact that, upon defendant's failure to appear or file papers in opposition to the motion on the return day, we sought an explanation from defendant's attorney and, upon learning the reason, extended defendant's time to file its opposing papers. Defendant has now done so by this motion. It has therefore had due notice, has been heard and has suffered no prejudice.

We turn next to plaintiff's motion for an order granting an attachment pursuant to Rule B(1).

Defendant contends that the use of maritime provisional remedies is prohibited where, as here, an action to compel arbitration is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 201 et seq. (Supp.1978). We disagree.

■ The enforceability of an arbitration agreement in a maritime contract between two foreign corporations is governed by the Convention. See 9 U.S.C. §§ 202 and 2. *Metropolitan World Tanker, Corp. v. P. N. Pertambangan, etc.,* 427 F.Supp. 2, 4 (S.D. N.Y.1975). The Convention itself makes no provision for pre-arbitration attachment, and it has been held, at least in non-maritime disputes or when attachment is sought pursuant to state law, that pre-arbitration attachment is unavailable in actions arising under the Convention. *McCreary Tire & Rubber Co. v. CEAT, S.p.A.,* 501 F.2d 1032 (3d Cir. 1974) (nonmaritime transaction); *Metropolitan World Tanker, Corp. v. P. N. Pertambangan, etc., supra,* 427 F.Supp. 2 (state law attachment).

■ However, in 9 U.S.C. § 208, the Convention expressly provides that the provisions of the United States Arbitration Act (the "Act"), 9 U.S.C. §§ 1–14, apply in actions under the Convention "to the extent [they] [are] not in conflict with" the Convention. Under Section 8 of the Act, 9 U.S.C. § 8, pre-arbitration attachment is permitted where, as here, "the basis of jurisdiction be a cause of action otherwise justiciable in admiralty." See *Andros Compania Maritima, S. A. v. Andre & Cie.,* 430 F.Supp. 88, 93 (S.D.N.Y.1977) (citing cases arising under the Act); *The Belize,* 25 F.Supp. 663, 665 (S.D.N.Y.1938), *appeal dismissed,* 101 F.2d 1005 (2d Cir. 1939). Thus, a party with a maritime cause of action may obtain pre-arbitration attachment under the Convention just as it can under the Act, unless such attachment should be deemed to be "in conflict with" the language and policy of the Convention.

■ We perceive no conflict between the provisional remedy of attachment and the dictates of the Convention. *Accord: Andros Compania Maritima, S. A. v. Andre & Cie., supra,* 430 F.Supp. 88. Certainly, a London arbitration can proceed in an orderly fashion even though the defendant's assets have been attached in New York as security for any award rendered by the London panel. There is no merit to the argument that plaintiff, in seeking an attachment, is attempting to "bypass" the arbitration procedure. See *McCreary Tire & Rubber Co. v. CEAT, S.p.A., supra,* 501 F.2d at 1038. On the contrary, the very relief sought in the complaint is to *compel* arbitration. The attachment, we believe, serves only as a security device in aid of the arbitration. See *Murray Oil Products Co. v. Mitsui & Co.,* 146 F.2d 381, 384 (2d Cir. 1944).

■ Additionally, we note that attachment has long coexisted with domestic arbitration under the Act, and neither Congress nor the courts have perceived any incompatibility between the two. See 9 U.S.C. § 8; *The Anaconda v. American Sugar Refining Co.,* 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117 (1944). Certainly, the policy in favor of arbitration is at least as strong under the Act as under the Convention. Moreover, the prospect of pre-arbitration attachment has yielded neither interference with, nor reluctance to enter into, domestic arbitration. Thus, we doubt that a decision permitting attachment would discourage or hamper arbitration under the Convention. We conclude therefore that pre-arbitration attachment under 9 U.S.C. § 8 and Rule B(1) is available in an action to compel arbitration under the Convention, at least where the cause is maritime in nature.

■ The final question, therefore, is whether the mandates of Rule B(1) have been met here. In pertinent part, Rule B(1) provides:

"With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's goods and chattels, or credits and effects in the hands of garnishees named in the complaint to the amount sued for, if the defendant shall not be found within the district."

Defendant concedes that it cannot be "found within the district." Certainly, the monies and other assets attached here are "credits" within the meaning of the Rule. Our in personam jurisdiction over the New York garnishee banks will be sufficient to perfect the attachment.

Accordingly, defendant's motion to vacate the stay is denied. Plaintiff's motion for an order of attachment is granted.

So ordered.