**COMPANIA DE NAVEGACION Y FINANCIERA BOSNIA S.A., Plaintiff,**

v.

**NATIONAL UNITY MARINE SALVAGE CORPORATION, Defendant.**

No. 78 Civ. 4272 (MP).

United States District Court,
S. D. New York.

Oct. 19, 1978.

Michael D. Martocci, New York City, for plaintiff.

Hill, Rivkins, Carey, Loesberg & O'Brien, New York City, for defendant.

## MEMORANDUM

POLLACK, District Judge.

This is an action on a charter party executed in Italy for hire of the vessel BOSNIA. Plaintiff obtained an *ex parte* order of attachment in state court, which was modified and confirmed upon removal to this Court. Plaintiff now moves for an order of attachment against two individuals and eight corporations alleged to be related to the defendant and participating in a scheme to secrete assets. Defendant has moved to vacate the order of attachment, to compel arbitration of the dispute, and to dismiss the action. For the reasons set forth below, plaintiff's application for a second order of attachment and defendant's motions to vacate and to dismiss are denied; the motion to compel arbitration is granted.

This Court has the power to order provisional relief pending a foreign arbitration, *Carolina Power & Light Co. v. Uranex,* 451 F.Supp. 1044 (N.D.Cal.1977) reprinted in 17 *Int'l Legal Materials* 903 (1978); *Andros Compania Maritima, S.A. v. Andre & Cie., S.A.,* 430 F.Supp. 88 (S.D.N.Y.1977); *but see McCreary Tire & Rubber Co. v. CEAT S.p.A.,* 501 F.2d 1032 (3d Cir. 1974); *Metropolitan World Tanker, Corp. v. P.N. Pertambangan Minjakdangas Bumi Nasional,* 427 F.Supp. 2 (S.D.N.Y.1975), and the plaintiff herein is entitled to the protection of the outstanding order of attachment. Plaintiff appears to have a meritorious cause of action for charter hire, to which no defenses have been raised. The defendant has not claimed to be unduly burdened by the order of attachment. Furthermore, the defendant has created some confusion as to its proper corporate name, such that this action was commenced and the first order of attachment issued against a nonexistent corporation. In these circumstances, the Court finds that attachment pending arbitration may be a "necessity rather than [a] convenience." M. Domke, *The Law & Practice of Commercial Arbitration* 264 (1968),

*quoting Katz v. Burkin*, 3 A.D.2d 238, 160 N.Y.S.2d 159, 161 (1957). Upon a balance of the equities, the Court concludes that the order of attachment, as amended September 19, 1978, must stand.

■ Plaintiff's application for a second order of attachment must be denied because it seeks to engage the Court in the merits of the dispute, and further delays the resolution of the merits in the chosen arbitral forum. Further proceedings in this Court prior to an arbitration award will serve only to frustrate "the policy of the [Federal] Arbitration Act to eliminate the expense and delay of extended court proceedings preliminary to arbitration." *Trafalgar Shipping Co. v. International Milling Co.*, 401 F.2d 568, 572 (2d Cir. 1968). *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). If plaintiff is entitled to further interim relief, application for such should be directed to the arbitration panel. *See* M. Domke, *supra* at 215–217, 264, 295.

Accordingly, the parties are ordered to proceed to arbitration under the charter party, and this action is stayed pending arbitration. All other motions before the court are denied.

SO ORDERED.