■ ROBERT R. COOPER, Appellant, v ATELIERS DE LA MOTOBECANE, S. A., Respondent. — Order, Supreme Court, New York County (Nadel, J.), entered on October 16, 1980, granting defendant-respondent's motion to vacate the prearbitration attachment and dismissing the complaint for lack of subject matter jurisdiction, reversed, on the law, motion denied and attachment reinstated, without costs. Respondent (Motobecane) is a French corporation. A New York subsidiary (Motobecane America) was established with Motobecane maintaining voting control. Appellant (Cooper) was a shareholder in the New York corporation. The shareholders' agreement provided that the shareholders could tender their shares for repurchase by Motobecane and/or Motobecane America, with the obligation to repurchase being joint and several between the companies. The agreement further contained a provision for arbitration, under certain circumstances, of disputes over the purchase price, the arbitration to be held in Zurich, Switzerland. Cooper gave notice of his intent to sell his shares, and thereafter Motobecane demanded arbitration. Cooper brought on a special proceeding to stay arbitration. A stay was denied, and he appealed that order. While the appeal was pending, he obtained an ex parte order of attachment and served a summons and complaint on Motobecane in this action for a money

---

[*] De La Rosa is now the sole plaintiff. Caribe is not involved in this appeal, having previously settled all of its claims.

judgment. Cooper moved to confirm the attachment and Motobecane cross-moved to vacate the attachment and dismiss the complaint. While that motion was pending, this court's memorandum decision issued (68 AD2d 819) reversing the order previously appealed from and staying the arbitration. The pending motion and cross motion concerning confirmation of the attachment order was decided in light of that decision. The attachment order was confirmed and the cross motion denied in its entirety. The Court of Appeals later reversed this court's memorandum decision (49 NY2d 819, 820) citing *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.* (45 NY2d 358), and reinstated the Supreme Court's denial of the application for a stay of arbitration. Motobecane then moved to renew the motion to dismiss and vacate the attachment, on the grounds that the instant money action does not lie because the arbitrator will render an award on the claim of plaintiff; the plaintiff is not entitled to attachment before the arbitration award is rendered, under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (US Code, tit 9, § 201 *et seq.*) (the Convention); and further, that "[b]y ordering the parties to proceed to arbitration, the Court of Appeals stripped the courts of New York of their subject matter jurisdiction over the instant action." The Supreme Court granted Motobecane's motion and dismissed the complaint and vacated the attachment. Cooper appealed. The Court of Appeals, by its reinstatement of the denial of a stay of arbitration, did not "strip" the courts of New York of their jurisdiction. It reversed the order of the Appellate Division which held that the question of compliance with the 10-day notice requirement (with which we are not concerned here) was a question for the courts and that the condition was not complied with; holding therefore, that the timeliness of the demand for arbitration presented a question to be determined by the arbitrator, because it was not expressly made a condition to arbitration. Congress has provided (US Code, tit 9, § 201 *et seq.*) that the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the Convention) "shall be enforced in United States courts" (§ 201). The crux of this appeal lies in the interpretation of section 3 of article 2 of the Convention which provides: "The Court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed." Motobecane maintains, and Special Term held, that the word "refer" in this language requires a court to dismiss any action brought under a contract which includes an arbitration provision covered by the Convention, and to discharge any attachment, rather than to merely stay the proceedings pending the outcome of the arbitration. We do not agree. Motobecane relies primarily on three cases, *McCreary Tire & Rubber Co. v Ceat* (501 F2d 1032); *Metropolitan World Tanker Corp. v Pertambangan Minjakdangas Bumi Nasional* (427 F Supp 2); and *Siderius, Inc. v Compania de Acero del Pacifico, S. A.* (453 F Supp 22). Only two of these cases, *Metropolitan World Tanker* and *McCreary,* discuss prearbitration attachment. They both have been criticized by more recent decisions which have refused to follow their reasoning. In *Siderius,* the court dismissed the complaint for lack of subject matter jurisdiction, citing *McCreary.* In *Andros Compania Maritima, S. A. v Andre & Cie., S. A.* (430 F Supp 88), the court discussed both *McCreary* and *Metropolitan World Tanker* and concluded that there was no conflict between prearbitration attachment and the Convention. The court stated (at p 92), "nor is the Court's retention of jurisdiction under Section 8 [US Code, tit 9, § 8; libel in admiralty], pending arbitration, in any respect inconsistent with the Convention or its implementing legislation, notwith-

standing the *McCreary* court's suggestion to the contrary. This is by no means to ignore Article II(3) of the Convention * * * Rather, this Court merely concludes that Article II(3), thus framed, surely may accommodate the stays of litigation impliedly contemplated by Section 8 and expressly directed by Section 3." In *Paramount Carriers Corp. v Cook Inds.* (465 F Supp 599, 602) the court also disagreed with *Metropolitan World Tanker* and *McCreary,* citing *Andros* and stating, "I am fully persuaded by my colleague's reasoning and analysis that section 8 of the Arbitration Act is not in conflict with the policies of the Convention. ' "The most common reason for arbitration is to substitute the speedy decision of specialists in the field for that of juries and judges; and that is entirely consistent with a desire to make as effective as possible recovery upon awards after they have been made, which is what provisional remedies do." ' " Both *Andros* and *Paramount* concerned maritime libel actions. Motobecane attempts to distinguish those cases which permit prearbitration attachment on the ground that their underlying basis is maritime law. This is an artificial distinction. The purpose and language of the Convention and its implementing legislation remain the same with reference to either admiralty or commercial law. There is nothing in the Convention or the Arbitration Act which divests this court of jurisdiction or requires that a prearbitration attachment be vacated. (See *Carolina Power & Light Co. v Uranex* (451 F Supp 1044, 1049 *et seq.*) *Carolina Power* is similar to our instant case. Plaintiff California corporation instituted an action against a French consortium and obtained an ex parte attachment, although both parties agreed that the underlying dispute was subject to arbitration. The opinion stated (at pp 1051-1052) that, "This court, however, does not find the reasoning of *McCreary* convincing. As mentioned above, nothing in the text of the Convention itself suggests that it precludes prejudgment attachment * * * The use of the general term 'refer,' * * * might reflect little more than the fact that the Convention must be applied in many very different legal systems, and possibly in circumstances where the use of the technical term 'stay' would not be a meaningful directive. Furthermore, section 4 of the United States Arbitration Act grants district courts the power to actually order the parties to arbitration, but this provision has not been interpreted to deprive the courts of continuing jurisdiction over the action * * * Finally, it should be noted that in other contexts the Supreme Court has concluded that the availability of provisional remedies encourages rather than obstructs the use of agreements to arbitrate. See *Boys Market, Inc. v. Retail Clerk's Union,* 398 U.S. 235 * * * (1970)". As was stated in *Campanie de Navegacion y Financiera Bosnia S.A. v National Unity Mar. Salvage Corp.* (457 F Supp 1013, 1014), "[t]his Court has the power to order provisional relief pending a foreign arbitration * * * and the plaintiff * * * is entitled to the protection of the outstanding order of attachment." Concur — Sandler, J.P., Carro, Bloom and Fein, JJ. Silverman, J., dissents and would affirm for the reasons stated by Nadel, J., at Special Term.