In the Matter of the Arbitration between JOSEPH KATZ, Respondent, and BENJAMIN BURKIN et al., Appellants.

First Department, March 12, 1957.

*Abraham Kaplan* for appellants.

*Irving Levine* for respondent.

*Per Curiam.* The order appealed from grants an examination before trial in an arbitration proceeding. The opinion at Special Term points out that there have been differences in the decisions at Special Term with respect to the policy and propriety of allowing examinations before trial in arbitration proceedings. A clarification of the policy in the First Department is indicated.

Undoubtedly an arbitration proceeding is a special proceeding in which examinations before trial are authorized (Civ. Prac. Act, §§ 308, 1459). The questions remain, however, as a matter of discretion, whether and under what circumstances examinations before trial should be allowed in arbitration proceedings.

We are of the view that examinations before trial under court aegis should not be granted in such proceedings except under

extraordinary circumstances such as the demonstrated need of reaching a witness or evidence which is unavailable without a court order. Necessity rather than convenience should be the test.

This view is dictated by the consideration that an arbitration proceeding is, except in specified particulars, outside the court realm and jurisdiction — deliberately so taken out of the court by choice and commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence.

While the learned Justice at Special Term found special circumstances in the present case which he felt justified the granting of an examination before trial, we are unable to see that such special circumstances existed in this case.

We do not suggest that it is inappropriate to have examinations before hearings in arbitration proceedings or that such examinations cannot appropriately be arranged by the parties or directed by the arbitrators, without resort to the court. We do hold that apart from a showing of the necessity of court intervention, an examination before trial should not be directed by the court.

The order appealed from should be reversed and the motion denied, with costs to appellant.

Peck, P. J., Breitel, Botein, Rabin and Frank, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion denied.