PENN TANKER CO. OF DELAWARE, as owner of THE American Steam Tanker, PENN CHALLENGER, Libelant,

v.

C.H.Z. ROLIMPEX, WARSZAWA, Respondent.

United States District Court
S. D. New York.
Dec. 8, 1961.

Campbell & Watson, Manhasset, Carl H. Watson, Jr., Manhasset, of counsel, for libelant.

Hill, Rivkins, Middleton, Louis & Warburton, New York City, George·B. Warburton, New York City, of counsel, for respondent.

FEINBERG, District Judge.

This motion involves an attempt to apply Federal deposition and discovery procedure generally to a proceeding under the United States Arbitration Act, 9 U.S.C. § 1 et seq. (1958). The controversy arose out of a charter party between libelant, Penn Tanker Company of Delaware, and Polish Trade Mission of New York, as agent for respondent, C. H. Z. Rolimpex, Warszawa, a Polish corporation. The dispute involves libelant's claim for damages because of respondent's alleged failure to furnish a full cargo as required by the charter party.

The charter party provides, among other things, that all disputes arising thereunder shall be referred to arbitration in New York under a procedure set forth therein. Pursuant to 9 U.S.C. § 8, libelant began a proceeding in this Court on March 1, 1961, by filing a libel with a prayer for the issuance of process in personam with a writ of foreign attachment. The libel recited the arbitration agreement and the appointment of libelant's arbitrator and prayed that this Court direct the parties to proceed to arbitration.

Respondent's answer, filed March 23, 1961, admitted the existence of the agreement to arbitrate and prayed that the libel be dismissed or, in the alternative, should the Court determine that a dispute existed between the parties within the meaning of the arbitration clause, that the matter be referred to arbitration. In its answer, respondent appointed its arbitrator and attached to the answer nine interrogatories addressed entirely to factual matters involving the merits of the dispute between the parties.

Subsequently, in September 1961, the two arbitrators selected a third arbitrator in accordance with the arbitration provision. The attorneys for the parties then had discussions about the date of the arbitration hearing. During the discussions, respondent apparently took the position that it would proceed with the arbitration without the formal requirement of a court order of referral only if libelant would answer the interrogatories and allow respondent to take depositions of certain witnesses in New Orleans, Louisiana. Libelant refused on the ground that pre-trial discovery procedures were not available in connection with the proposed arbitration and that the cost of taking testimony in Louisiana would be disproportionate to the amount, $13,500, in controversy.

This impasse resulted in two motions: (1) a motion by libelant for an order vacating respondent's notice of taking depositions in New Orleans and respondent's interrogatories, and directing the parties to proceed with arbitration; and (2) a motion by respondent for an order dismissing the libel for failure to answer the interrogatories or requiring an answer within a time to be fixed by the Court.

The basic issue between the parties is whether oral depositions may be taken and interrogatories going to the merits of the case propounded, under Supreme Court Admiralty Rules 30E and 31, 28 U.S.C., in a matter which is referable to arbitration. Respondent's affidavit in opposition to libelant's motion makes clear that it does not object to having the merits of the controversy itself determined by arbitration.

 It appears that libelant's contention that discovery procedure is inappropriate in this case is correct. In Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Company, Inc., 20 F.R.D. 359 (S.D.N.Y.1957), a motion was made to set aside an ex parte order and

notice to take depositions in connection with an arbitration then pending. In granting the motion this Court pointed out (at 20 F.R.D. 361):

"* * * By voluntarily becoming a party to a contract in which arbitration was the agreed mode for settling disputes thereunder respondent chose to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations. 'A main object of a voluntary submission to arbitration is the avoidance of formal and technical preparation of a case for the usual procedure of a judicial trial.' 1 Wigmore, Evidence § 4(e) (3d ed. 1940)."

■ It is true that in Commercial Solvents it does not appear that there was any proceeding instituted under 9 U.S.C. § 8, as there is here, with the Court retaining jurisdiction to direct arbitration. But this would not seem to change the basic policy considerations. The purpose of 9 U.S.C. § 8 is "to allow an aggrieved party the benefit of security obtained by attachment." The Sydfold, 25 F.Supp. 662, 663 (S.D.N.Y.1938). Thus, in Empresa Maritima de Transportes, S. A. v. Transatlantic and Pacific Corp., Admiralty No. 197–120 (S.D.N.Y. 1959), a libel had also been commenced under 9 U.S.C. § 8. Thereafter, libelant sought to use discovery and inspection procedure otherwise available in admiralty proceedings. In denying the motion, this Court made clear that a party who elects to arbitrate may not simultaneously invoke the discovery procedures of this Court. See Pennsylvania Greyhound Lines v. Amalgamated Ass'n, 98 F.Supp. 789 (W.D.Pa.1951); but cf. Steamship Co. of 1949 v. China Union Lines, Hong Kong, 123 F.Supp. 802 (S.D.N.Y.1954). The fact that the attempt to use discovery procedure is made here by respondent rather than libelant is irrelevant. See also Foremost Yarn Mills, Inc. v. Rose Mills, Inc., 25 F.R.D. 9 (E.D.Pa.1960).

■ Respondent has not argued that Rule 81(a) (3), Fed.Rules Civ.Proc., 28 U.S.C., compels a different result. That Rule, however, states under the heading of "(a) To What Proceedings Applicable" that:

"(3) In proceedings under Title 9, U.S.C., relating to arbitration, or under the Act of May 20, 1926, c. 347, § 9 (44 Stat. 585), U.S.C., Title 45, § 159, relating to boards of arbitration of railway labor disputes, these rules apply to appeals, but otherwise only to the extent that matters of procedure are not provided for in those statutes."

Title 9 does not deal in terms with discovery although sections thereof do deal with "matters of procedure"; e. g., §§ 4 and 7. An argument could be made that the Federal Rules should be applied to proceedings under Title 9 to the extent to which they are mutually consistent. It may be that there is a limited area for application of discovery procedures to proceedings under Title 9; e. g., on the issue of whether there was an agreement to arbitrate which the Court must decide under § 4 before directing the parties to proceed to arbitration. See Lummus Co. v. Commonwealth Oil Refining Co., Inc., 273 F.2d 613 (1 Cir.1959); cf. El Hoss Engineering & Transport Co., Ltd. v. American Independent Oil Co., 289 F.2d 346 (2 Cir.1961), cert. denied 368 U.S. 837, 82 S.Ct. 51 (1961), opinion below D.C., 183 F.Supp. 394 (1960). But I do not think that Rule 81(a) (3) is designed to allow judicially imposed and controlled discovery as to the merits of a controversy which will be referred to arbitration under 9 U.S.C. § 4,[1] except, perhaps, upon a showing of true necessity because of an exceptional situation— which this case does not appear to be. Cf. Application of Katz, 3 A.D.2d 238, 160 N.Y.S.2d 159 (1957).

Upon this view of the case, it is unnecessary to deal with libelant's contention that the notice of deposition was

---

1. Cf. Note, Developments in the Law-Discovery, 74 Harv.L.Rev. 940, 943 (1961) referring to the expense of discovery as being inconsistent with the desires of parties who have agreed to arbitration.

unreasonable in point of time. Accordingly, libelant's motion is granted and respondent's motion is denied.

Settle order on notice.