In the Matter of the Arbitration between **INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Petitioner,** and **WESTINGHOUSE ELECTRIC CORPORATION, Respondent.**

No. 69 Civ. 3225.

United States District Court S. D. New York.

Nov. 19, 1969.

Vladeck, Elias, Frankle, Vladeck & Lewis, New York City, for petitioner.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for respondent.

OPINION

EDELSTEIN, District Judge.

This is a motion by petitioner for a protective order, pursuant to Rule 30(b) F.R.Civ.P., forbidding the taking of depositions upon oral examination.

The petitioner, an unincorporated labor association and the collective bar-

gaining representative of respondent's hourly-rated employees, and the respondent are parties to a collective bargaining agreement called the "National Agreement," which contains an arbitration clause. In addition to this "National Agreement," the parties have also entered into local supplements which govern the implementation of the "National Agreement" at the various plants of the respondent located throughout the United States. These local supplements also contain other items not company-wide in nature. On October 17, 1968, the petitioner, through its Local 601, filed Grievance No. 4749–G with the respondent claiming that some of the provisions of the local supplement applicable to respondent's East Pittsburgh plant had been violated. The grievance was processed through all of the normal procedures without a settlement being reached. The petitioner thereafter demanded arbitration of the grievance but the respondent refused to submit the matter to arbitration, denying that the grievance was arbitrable as a matter of right under the provisions of the "National Agreement." Subsequently the petitioner brought this action to compel arbitration under section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. The respondent then served notices for the taking of the depositions of various officials of the petitioner. This motion followed.

Petitioner has raised several objections to the taking of the noticed depositions. The first objection is predicated upon the contention that in proceedings brought pursuant to the Federal Arbitration Act to compel arbitration, discovery as contemplated in the Federal Rules of Civil Procedure is not permissible except where the court directs upon a showing of extraordinary need. The petitioner asserts that the respondent cannot demonstrate the need for discovery because no factual issue concerning the arbitrability of the grievance has yet been found to exist. It is also argued that the purpose of the noticed depositions, insofar as they require local union officers to submit to examination, is to delve into the merits of the grievance itself and that this is not proper. Finally, the petitioner objects on the grounds that the depositions will serve only to delay the determination of the ultimate issue of arbitrability and will involve, as well, considerable expense since the proposed deponents will be required to travel to New York to give their testimony.

In analyzing the petitioner's claims, it will be more convenient to take them out of order and discuss the second ground of objection at the outset. It is well settled that in proceedings brought to compel arbitration, it is not the function of the court to determine or consider the merits of the controversy as to which arbitration is sought. Rather, the court must concern itself with whether or not the issue involved is one which the parties have agreed to arbitrate. United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); see 9 U.S.C. § 4. Thus assuming that discovery is permissible at all in this action, the petitioner is correct in contending that an investigation into the merits of the grievance to be arbitrated would be improper. H. F. Porter Co., Inc., Connors Steel Division, West Va. Works v. Local 37, United Steelworkers of America, 400 F.2d 691 (4th Cir. 1968); Penn Tanker Co. of Del. v. C. H. Z. Rolimpex, Warszawa, 199 F. Supp. 716 (S.D.N.Y.1961).

The respondent does not dispute the petitioner in this regard; it maintains instead that in fact it wishes to take the depositions at issue here to obtain information relating only to the arbitrability of the grievance filed by the petitioner. That is, the respondent asserts that it wants to investigate whether the parties

intended to exclude from arbitration grievances of the kind this case involves. The petitioner argues, though, that among the five individuals whom the respondent seeks to depose are two local union officers who cannot offer any information relating to the issue of arbitrability inasmuch as these officers did not participate in the negotiation of the arbitration agreement. However, the respondent replies that these two officers did participate in the negotiation of the "National Agreement" and are able to testify as to the past practices of the parties in dealing with other grievances similar to the one involved here. The question of whether these two officers will be able to yield relevant information need not be determined now. The important point is that the court agrees that discovery relating to the merits of Grievance No. 4749–G would be improper, but it cannot find at this time that respondent will not adhere to the proper scope of inquiry if it is permitted to take the noticed depositions.

■ The court now can address itself to the primary question presented by this motion: namely, does the respondent have a right to take depositions relating to the issue of arbitrability without first demonstrating to the court some extraordinary need therefor?

In support of its contention that the answer to this question must be in the negative, the petitioner argues that the Federal Arbitration Act contemplates a speedy and inexpensive determination of the question of arbitrability. In light of this, the petitioner contends that the application of the normal discovery rules of the Federal Rules of Civil Procedure would be inimical to this statutory scheme. See Developments in the Law —Discovery, 74 Harv.L.Rev. 940. 943 (1961).

This argument, though, as even the petitioner recognizes, flies in the face of the clear language of Rule 81(a) (3), F.R.Civ.P., which provides that the Federal Rules of Civil Procedure apply to proceedings under Title 9, U.S.C. "to the extent that matters of procedure are not provided for in those statutes." Title 9 is silent on the question of the availability of discovery devices in proceedings brought pursuant to its provisions. If it had been deemed necessary as a matter of policy to exempt Title 9 proceedings from the usual discovery procedures it would have been a simple matter for the draftsmen of Rule 81(a) (3) to have done so.

Petitioner, nonetheless, hopes to find support for its position in cases which, though admittedly not directly in point, evince, so petitioner claims, a policy against permitting discovery as of right in this action. But the comfort that these cases afford petitioner is more apparent than real.

Petitioner places great reliance on Penn Tankers Co. of Del. v. C. H. Z. Rolimpex, Warszawa, *supra*. That was a proceeding brought under 9 U.S.C. § 8 to compel arbitration of a dispute arising out of a charter party. The respondent there admitted the arbitrability of the issue, but took the position that it would not proceed with arbitration unless the libelant would first answer interrogatories and consent to the taking of depositions in order to afford to the respondent an opportunity to investigate the merits of the controversy. The court held that discovery under these circumstances was improper, but noted that it might have reached a different conclusion if a showing of exceptional need for discovery had been made. *Accord* Ferro Union Corp. v. S.S. Ionic Coast, 43 F.R.D. 11 (S.D.Texas 1967). The petitioner in the instant case takes hold of the *Penn Tanker* decision and would have this court hold here that discovery is not permissible, despite Rule 81(a) (3), without a showing of exceptional need. In so arguing the petitioner ignores the crucial difference between this and the *Penn Tanker* case. Discovery into the merits of a grievance allegedly subject to arbitration is not the is-

sue here as it was in *Penn Tanker*; the issue here is discovery into the question of arbitrability itself. Significantly, even the *Penn Tanker* court indicated the possibility of the application of discovery procedures to proceedings under Title 9 when the issue of arbitrability was at stake. 199 F.Supp. at 718.

Lummus Co. v. Commonwealth Oil Ref. Co., 273 F.2d 613 (1st Cir. 1959) and Application of Katz, 3 A.D.2d 238, 160 N.Y.S.2d 159 (1st Dept. 1957) are also not helpful to petitioner. In *Lummus* the Court of Appeals stayed discovery pending appeal of the district court's order staying arbitration. This brief *per curiam* decision indicates that the stay of discovery was granted for fear that otherwise the appellee would be permitted discovery, the scope of which would be much wider than ordinarily permissible if the controversy between the parties was deemed ultimately to be subject to arbitration. The *Katz* decision involved application of New York statutes and does not therefore provide much guidance here.

In summary, the petitioner wants this court to modify the clear command of Rule 81(a) (3) so as to make discovery into the issue of arbitrability subject to the "exceptional need" dictum of *Penn Tanker* which, at best, was only designed to apply to cases in which discovery into the merits of an arbitrable controversy is sought. Petitioner has not cited any authority which could support such a result, nor is this court persuaded that such a result is required to effectuate the remedy provided by 9 U.S. C. § 4. Under that provision petitioner still can be afforded an early trial on the issue of arbitrability.

Finally this court is unpersuaded by the petitioner's broad and perhaps all-purpose objection that delay and great expense will be involved in permitting depositions. It is clear that the respondent has been proceeding with expedition. Further, there has been no showing that the respondent will not continue to move with dispatch. As to the question of expense, the petitioner selected this district as its forum for this proceeding. Consequently, its officers must present themselves here absent a showing of some unusual hardship. *E. g.,* Seuthe v. Renwal Products, Inc., 38 F.R.D. 323 (S.D.N.Y.1965); 4 J. Moore, Federal Practice § 30.07 [1–2] (2d ed.1969).

The petitioner's motion is denied.

So ordered.