**ECONO–CAR INTERNATIONAL, INC., Plaintiff**

**v.**

**ANTILLES CAR RENTALS, INC., Defendant**

Civil No. 89-1973

District Court of the Virgin Islands

Div. of St. Croix

November 13, 1973

BRYANT, COSTELLO & BURKE, ESQS. (JOHN P. BURKE, of counsel), Christiansted, V.I., *for plaintiff*

J. MICHAEL SPENCER, ESQ., Frederiksted, V.I., *for defendant*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

This is a motion pursuant to Federal Rule of Civil Procedure 12 to strike certain portions of defendant's answer. Plaintiff has also moved for a protective order under Rule 26(c) to prevent defendant from proceeding with several discovery requests. Upon consideration of the pleadings and plaintiff's Memorandum in support of the motions, I have concluded that they must be GRANTED, with one

minor exception. A few observations about this case and about the Arbitration Act in general will reveal the background against which I have reached this decision.

■ Plaintiff and defendant entered into an agreement, a copy of which was attached to the original petition in this case, which included a provision whereby both parties agreed to "submit any controversy or claim arising out of or relating to" the agreement to arbitration. Defendant's answer in this action and its attempt to enjoin enforcement of the arbitration provision suggest that it does not wish to comply with the provision or to submit the disputes in question to arbitration. But an unwillingness to arbitrate is not a defense to an action to compel arbitration. Where the making of the agreement for arbitration and the failure to comply therewith are not in issue the Court must order arbitration.[1] Swift Industries, Inc. v. Botany Industries, Inc., 297 F.Supp. 1056 (D. Pa. 1969). This result is not at all harsh and defendants have no cause for complaint. This is so because the Arbitration Act may be avoided entirely if the parties to a contract "merely refrain from including any arbitration provisions." Metro Indus. Painting Corp. v. Terminal Const. Co., 287 F.2d 382, 387 (2d Cir. 1961) (Lumbard concurring). When both parties to an agreement do include such a provision, this Court cannot ignore it simply because one of them now seeks to avoid it.

---

[1] In Sewer v. Paragon Homes, Inc., Civ. No. 364/1972 (Dec. 7, 1972, D.C.V.I.), the question of the applicability of the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1970), was conclusively settled by this Court. My decision was based on two general reasons. First, I took cognizance of the strong federal policy in favor of arbitration embodied in the Act, see, e.g., Kanazawa Ltd. v. Sound Unlimited, 440 F.2d 1239 (9th Cir. 1971). Secondly, I construed the jurisdictional reference in § 3 of the statute to stays in "any of the courts of the United States" as revealing an explicit Congressional intent to include Article I Courts; this was inferable, in my view, from the failure of Congress to use the phrase "district courts," a term of art traditionally reserved for Constitutional Courts alone. See, e.g., Callwood v. Callwood, 127 F.Supp. 179, 3 V.I. 61 (D.C.V.I. 1954). I concluded that the Arbitration Act was wholly applicable to the Virgin Islands. I have chosen to review my reasoning herein because the holding in Sewer underpins in critical fashion my decision in the instant case.

The first portion of plaintiff's motion seeks to have paragraph 9 of defendant's answer stricken. Paragraph 9 denies paragraph 9 of plaintiff's petition which alleged plaintiff's notice of intent to arbitrate and defendant's refusal to arbitrate followed by defendant's attempt to enjoin plaintiff from enforcing the arbitration provision. With the exception of the first sentence of plaintiff's petition, which may be denied by defendant, the denial of the remainder of paragraph 9 must be stricken as impertinent under Rule 12(f) or as sham and false under Rule 11.

■ Plaintiff next seeks to strike defendant's second affirmative defense. This defense is an attempt to raise the issue of plaintiff's possible breach of contract. Because this question deals with the merits of the controversy between the parties, it should properly come before the arbitrators in the event the petition is granted, and not before this Court when considering a petition to compel arbitration. International Union of Elec., Radio & Mach. Workers, AFL-CIO v. Westinghouse Elec. Corp., 48 F.R.D., 298 (D.N.Y. 1969). Therefore, defendant's second affirmative defense will be stricken as insufficient. Federal Rule of Civil Procedure 12(f).

■ Defendant's third, fourth and fifth affirmative defenses must also be stricken as insufficient. The arbitration provision contains no requirement of "timely notice." Therefore any notice requirements which may be contained in the agreement are not relevant when considering a petition to compel arbitration. Waiver or laches in connection with plaintiff's right to arbitration are properly matters for consideration by the arbitrators under a broad arbitration clause such as this one. See, World Brilliance Corp. v. Bethlehem Steel Co., 342 F.2d 362, 364 (2d Cir. 1965).

■ Defendant's demand for a jury trial could only be granted as to two issues: the making of the arbitration agreement and the failure, neglect or refusal to comply

therewith. 9 U.S.C. § 4. As these issues are not realistically in dispute, no jury trial is warranted. See Almacenes Fernandez, S.A. v. Golodetz, 148 F.2d 625 (2d Cir. 1945). Defendant admits that the writing entitled "Agreement" exists but denies that it is an agreement "as that term is understood in legal usage." This answer must be construed so as to do substantial justice. Federal Rule of Civil Procedure 8(f). Therefore, it must be taken as admitting the "making of an arbitration agreement."

■ Finally, plaintiff seeks a protective order under Federal Rule of Civil Procedure 26(c) preventing certain discovery from being had. In proceedings to compel arbitration, discovery delving into the merits of the grievance to be arbitrated is improper. International V. of E., R. & M.W. v. Westinghouse Elec. Corp., 48 F.R.D. 298 (S.D.N.Y. 1969). Consequently a protective order providing that discovery not be had is proper.

### ORDER

In conformance with the above Memorandum Opinion, it is hereby ORDERED:

1. That paragraph 9 of defendant's answer be stricken, except insofar as it denies the first sentence of paragraph 9 of plaintiff's petition;

2. That defendant's second, third, fourth and fifth affirmative defenses be stricken;

3. That defendant's demand for a jury trial be stricken;

4. That plaintiff's motion for a protective order pursuant to Rule 26(c) be granted; and

5. That discovery not be had.