■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v BARRY WERNICK, Appellant. — In a proceeding to compel the claimant in an arbitration matter to submit to a physical examination by a designated physician, the claimant appeals from (1) an order of the Supreme Court, Queens County (Rodell, J.), dated August 31, 1981, which granted the application, and (2) a further order of the same court, dated February 5, 1982, which denied his motion to renew (the motion was, in fact, one for reargument of an order dated Oct. 21, 1981). The appeal from the order dated August 31, 1981 brings up for review so much of the order dated October 21, 1981, as, upon reargument, adhered to the determination made in the first order. On the court's own motion, the claimant's time to perfect his appeal from the order dated August 31, 1981 is enlarged and we deem said appeal to have been properly perfected. Appeals from the orders dated August 31, 1981 and February 5, 1982 dismissed. The order dated August 31, 1981 was superseded by the order granting reargument and, as to the order dated February 5, 1982, no appeal lies from an order denying reargument. Order dated October 21, 1981 affirmed insofar as reviewed. Petitioner is awarded one bill of $50 costs and disbursements. In granting the claimant's motion to reargue and adhering to its initial determination to compel the physical examination, Special Term (by order dated Oct. 21, 1981) relied on CPLR 3102 (subd [c]), which permits the court to order discovery "to aid in arbitration". Prior to this order, neither of the parties had mentioned this statute. In seeking "renewal", the claimant attempted to establish that CPLR 3102 (subd [c]) is inapplicable to the case at bar. Special Term properly denied the motion. A motion to renew must be based upon new facts, not a new legal argument (see *Foley v Roche,* 68 AD2d 558; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:9, p 160; see, also, *Wallach Agency v Bank of New York,* 75 AD2d 878). Since such was lacking, the claimant's motion to "renew" was, in reality, a motion to reargue (see *Galaxy Exports v Bedford Textile Prods.,* 89 AD2d 576; *Foley v Roche, supra*). An order denying such a motion is not appealable (see *Galaxy Exports v Bedford Textile Prods., supra; Matter of Stevens Med. Arts Bldg. v City of Mount Vernon,* 72 AD2d 177). Consequently, the appeal from the order denying the motion, dated February 5, 1982, must be dismissed. Where a dispute has been submitted to arbitration, a party may obtain disclosure only by court order (*De Sapio v Kohlmeyer,* 35 NY2d 402; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7505.06). A court may order discovery "to aid in arbitration" pursuant to CPLR 3102 (subd [c]) only in the presence of "extraordinary circumstances" (*De Sapio v Kohlmeyer, supra,* p 406; *Matter of Katz v State of New York Dept. of Correctional Servs.,* 64 AD2d 900). The test is necessity rather than convenience (*International Components Corp. v Klaiber,* 54 AD2d 550; *Matter of Katz [Burkin],* 3 AD2d 238). In the case at bar, Special Term correctly concluded that the examination was a necessity and not a convenience. We agree. The facts presented herein constitute "extraordinary circumstances" sufficient to warrant judicial intrusion into the arbitration forum. The claimant has alleged physical injuries with possible permanent repercussions. If he is not compelled to submit to a physical examination, petitioner will be severely prejudiced. It will be unable to disprove any of the claimant's assertions, and will be severely limited in its ability to present a viable defense. In contradistinction, the claimant will suffer no prejudice if compelled to submit to the examination. We find no indication in the record that petitioner intended to waive its right to compel

the claimant to submit to a physical examination, or that its delay in seeking the examination constituted a dilatory ploy. We have considered the claimant's other assertions and find them to be without merit. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.