■ In the Matter of JAMES T. MOOCK, JR., Respondent, v ERIC EMANUEL, Appellant. — Order, Supreme Court, New York County (S. Schwartz, J.), entered January 6, 1984, directing, *inter alia,* that (i) certain partnership records be produced and (ii) Eric Emanuel submit to oral examination, modified, on the law and the facts, by striking the direction to examine Eric Emanuel, and, as modified, affirmed, without costs. ¶ Generally, disclosure

will not be ordered in aid of arbitration except under extraordinary circumstances (CPLR 3102, subd [c]; *De Sapio v Kohlmeyer,* 35 NY2d 402, 406; *Matter of Katz v State of New York Dept. of Correctional Servs.,* 64 AD2d 900). Petitioner Moock demanded arbitration because his interest in the partnership of Emanuel and Company was purportedly undervalued. In order for the petitioner to present a proper case to the arbitrator, it is necessary for him to have access to the books and records of the partnership. Under this exceptional situation, Special Term was correct in directing the partnership to produce for inspection items 1 through 8 in petitioner's exhibit E. (*Matter of State Farm Mut. Auto. Ins. Co. v Wernick,* 90 AD2d 519.) We find that there is no need for petitioner Moock to examine respondent Emanuel. Likewise, there is no necessity for Emanuel to examine Moock. Concur — Murphy, P. J., Asch, Bloom, Fein and Alexander, JJ.