■ HENDLER & MURRAY, P. C., Appellant, v ARTHUR LAMBERT, Respondent. (Proceeding No. 1.) HENDLER & MURRAY et al., Appellants, v ARTHUR LAMBERT, Respondent. (Proceeding No. 2.)—In two proceedings pursuant to CPLR 7503 (b) to stay arbitration, the petitioners appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated October 7, 1986, as granted the respondent's motion for discovery in aid of arbitration pursuant to CPLR 3102 (c).

Ordered that the order is affirmed, insofar as appealed from, with costs payable by the petitioners appearing separately and filing separate briefs, the stay granted by order of this court dated November 26, 1986, is vacated, and the petitioners are directed to comply with the order dated October 7, 1986, within 20 days after service upon them of a copy of this decision and order, with notice of entry.

Generally, courts may not order discovery in aid of arbitration unless the movant has demonstrated " 'extraordinary circumstances' " *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406, quoting from *Matter of Katz [Burkin],* 3 AD2d 238, 239). It has

been stated that "[t]he test is necessity rather than convenience" *(Matter of State Farm Mut. Auto. Ins. Co. v Wernick, 90 AD2d 519).* At bar, the respondent has requested the production of the petitioners' books and records. Under the circumstances of this case, the court did not abuse its discretion in granting the discovery requested in aid of arbitration, because the respondent has demonstrated that the documents are required "to present a proper case to the arbitrator" *(Matter of Moock v Emanuel,* 99 AD2d 1003, 1004).

The respondent's request that sanctions be imposed because the appeal is frivolous is denied *(see, Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1). Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.