**Menachim MARGALIOTH, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and Sonja Kohn, Defendants.**

**No. 87 Civ. 8170 (MBM).**

United States District Court, S.D. New York.

Oct. 4, 1988.

Leonard Holland, Wohl Loewe Stettner & Fabricant, New York City, for plaintiff.

Lawrence E. Fenster, Orrick, Herrington & Sutcliffe, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith, Inc.

Aurora Cassirer, Parker Chapin Flattau & Klimpl, New York City, for defendant Sonja Kohn; Katherine C. Ash, of counsel.

MEMORANDUM AND ORDER

MUKASEY, District Judge.

Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., (Merrill Lynch) and Sonja Kohn (Kohn) (collectively, defendants) move to dismiss this action or compel its arbitration. Fed.R.Civ.P. 9(b) and 12(b)(6); 9 U.S.C. § 1, *et seq.* (1982). Because plaintiff Menachem Margalioth now agrees to arbitration, the motion to compel arbitration is granted as unopposed.[1]

1. Plaintiff's choice of the National Association of Securities Dealers (NASD) as arbitrator should be given effect, as plaintiff was the first to comply with the parties' agreements on how

In agreeing to arbitration, plaintiff requests that this court exercise its discretion and impose certain conditions on the conduct of the arbitration. These include requiring defendants to institute the arbitration proceedings, pay the necessary fees, and take all steps necessary to expedite the proceedings. Plaintiff's requests are denied. Plaintiff signed agreements giving him the right to demand arbitration before either the National Association of Securities Dealers (NASD) or the New York Stock Exchange. Now that he has apparently chosen to arbitrate his claim before the NASD,[2] he must abide by the NASD rules for arbitration unless he can show that these rules are illegal or unconstitutional. Plaintiff cannot, however, refuse to comply with these rules or ask a court to rewrite them merely because they do not suit his interests. *See Siemens Information Sys., Inc. v. TPI Enters. Inc.,* No. 87 Civ. 3862 (LBS) (S.D.N.Y. Dec. 30, 1987) [available on WESTLAW, 1987 WL 34117].

In addition, plaintiff asks that this court order defendant Kohn to make herself available for a pre-arbitration deposition. This request is denied. Plaintiff cannot use the federal discovery rules solely in order to amass evidence for use in his arbitration. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 n. 17, 98 S.Ct. 2380, 2390 n. 17, 57 L.Ed.2d 253 (1978); *Penn Tanker Co. of Del. v. CHZ Rolimpex, Warszawa,* 199 F.Supp. 716 (S.D.N.Y. 1961).

Normally, under 9 U.S.C. § 3 (1982), a court would stay proceedings pending the conclusion of the arbitration. *E.g. Interstate Sec. Corp. v. Siegel,* 676 F.Supp. 54 (S.D.N.Y.1988). However, in the present case, none of plaintiff's claims remain to be resolved by this court, and therefore there is no reason to stay these proceedings pending the arbitrator's decision. Accordingly, this action is dismissed with leave to reopen following the completion of the arbitration proceedings, on motion of either party. *Bernstein v. Centaur Ins. Co.,* 644 F.Supp. 1361, 1371 (S.D.N.Y.1986).

SO ORDERED.

---

an arbitrator would be named. See Cash Management Account International Agreement at 2; and Customer Agreement at ¶ 13 (stating that "[a]rbitration must be commenced by service ... of a written demand for arbitration ... therein electing the arbitration tribunal"). *Compare* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Complaint at 9, 16 (Plaintiff's demand for arbitration, which elects arbitration in front of the NASD) *with* Verified Amendment to Petition for Removal, Exhibit B (Defendant Merrill Lynch's request for arbitration, which does not specify the arbitration forum.)

