ORIENTAL COMMERCIAL & SHIPPING CO., LTD., Oriental Commercial & Shipping Co. (U.K.) Ltd., and Abdul Hamid Bokhari, Plaintiffs,

v.

ROSSEEL, N.V., Defendant.

Nos. 84 Civ. 7173 (PKL), 84 Civ. 7689 (PKL).

United States District Court, S.D. New York.

May 9, 1989.

---

arbitrate, pursuant to Article II(3) of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards[1] (the "Convention"), under a contract for the sale of high sulfur fuel oil.

On March 4, 1985, this Court ruled that it had jurisdiction under the Convention, that the arbitration clause in the contract was valid, and that this dispute was governed by the arbitration clause. The Court also found that at that time, there were insufficient facts before the Court to determine whether Oriental Commercial Shipping Co., Ltd. ("Oriental S.A.") should be made a party to the arbitration proceeding. *See Oriental Commercial and Shipping Co. v. Rosseel, N.V.,* 609 F.Supp. 75 (S.D.N.Y. 1985).

A bench trial was held in December of 1987. The Court, in an Order & Opinion dated December 19, 1988 (the "December Order"), held that both Oriental S.A. and Abdul Hamid Bokhari ("Bokhari") were bound to proceed to arbitration. In an Order, dated March 15, 1989, the Court directed the parties to proceed to arbitration before the American Arbitration Association.

This action is currently before the Court on defendant Rosseel's motion, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling the depositions of Oriental Commercial & Shipping Co., Ltd. ("Oriental U.K."), Oriental S.A. and Bokhari.

Mintz, Fraade & Zeiger, P.C., New York City (S. David Harrison, of counsel), for plaintiffs.

Baker & McKenzie, New York City (Arthur W. Rovine and Grant Hanessian, of counsel), for defendant.

### ORDER & OPINION

LEISURE, District Judge:

In this action, defendant Rosseel, N.V. ("Rosseel") sought to compel plaintiffs to

### BACKGROUND

On February 13, 1989, Rosseel noticed the depositions of Oriental U.K., Oriental S.A., and Bokhari for March 2, 1989, to determine the location of their assets outside Saudi Arabia. Affidavit of Arthur W. Rovine, Esq., sworn to on March 24, 1989 ("Rovine Affidavit"), Exhibit A. Defendant asserts that none of the plaintiffs appeared for their depositions, nor did any of them request an extension of time to appear. Rovine Affidavit ¶ 3.

1. 9 U.S.C. §§ 201, 206.

Rosseel seeks to compel these depositions due to its belief that it will be unable to enforce any arbitration award if it is unable to locate and attach plaintiffs' assets outside Saudi Arabia. Plaintiff asserts it is extremely difficult to enforce an arbitral award in Saudi Arabia, the place of business of Oriental S.A., and primary residence of Bokhari. Additionally, Rosseel fears that plaintiffs have already begun to transfer their assets to other persons and, into Saudi Arabia, in order to avoid enforcement of an award.

Defendants contend that Oriental U.K. has ceased operations, Rovine Affidavit ¶ 5; that Bokhari has apparently transferred title to real property in England to his wife and three other family members subsequent to this Court's December Order, Rovine Affidavit ¶ 6; and that an English Court has enjoined Bokhari from disposing of this real property pending the resolution of the arbitration in New York. Rovine Affidavit ¶ 7, Exhibit D.

Additionally, defendant asks this Court to maintain jurisdiction over this action as Rosseel may need: (1) to move to compel production of documents; (2) to seek attachment of any assets of plaintiffs; (3) to enforce any interim measures as may be established by the arbitration panel in the form of an interim award; (4) to compel attendance and witnesses at the arbitration; (5) or to confirm the final award. *See* Defendant's Memorandum of Law in Support of Defendant's Motion to Compel Depositions ("Defendant's Memorandum") at 4.

## DISCUSSION

■ As a general rule, the discovery provisions of the Federal Rules of Civil Procedure are not available as an incident to an arbitration proceeding.[2] *See, e.g., Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., Inc.,* 20 F.R.D. 359 (S.D.

N.Y.1957); J. Moore, J. Lucas & K. Sinclair, *Moore's Federal Practice* ¶ 81.02[7], at 81–58 to 81–59 (1987). However, discovery "in aid of arbitration" is permitted by the courts where a movant can demonstrate "extraordinary circumstances." *Bigge Crane and Rigging Co. v. Docutel Corp.,* 371 F.Supp. 240, 244 (E.D.N.Y.1973). *See also Koch Fuel International, Inc. v. M/V South Star,* 118 F.R.D. 318, 320 (E.D. N.Y.1987); *Recognization Equipment, Inc. v. NCR Corp.,* 532 F.Supp. 271 (N.D. Tex.1981); *E.C. Ernst, Inc. v. Potlatch Corp.,* 462 F.Supp. 694, 695 n. 1 (S.D.N.Y. 1978); *Bergen Shipping Co., Ltd. v. Japan Marine Services, Ltd.,* 386 F.Supp. 430, 435 n. 8 (S.D.N.Y.1974); *Application of Katz,* 3 A.D.2d 238, 160 N.Y.S.2d 159 (2d Dep't 1957).[3] "The test is necessity rather than convenience." *Matter of State Farm Mut. Auto Ins. Co. v. Wernick,* 90 A.D.2d 519, 455 N.Y.S.2d 30 (2d Dep't 1982). "Necessity" in this context has been held to include such discovery as is required "to present a proper case to the arbitrators." *Hendler & Murray P.C. v. Lambert,* 127 A.D.2d 820, 511 N.Y.S.2d 941 (2d Dep't 1987) (*quoting Matter of Moock v. Emanuel,* 99 A.D.2d 1003, 473 N.Y.S.2d 793 (1st Dep't 1984)). For example, one of the "extraordinary circumstances" in which discovery has been deemed proper is where a vessel, with crew members possessing particular knowledge of the dispute, is about to leave port. *See, e.g., Bergen Shipping Co., Ltd., supra,* 386 F.Supp. at 435 n. 8.

■ Defendant contends that its need for information regarding plaintiffs' assets is plain as "there is no point in Rosseel proceeding to arbitration if it is unable to enforce an award." Defendant's Memorandum at 6. In the present action, Rosseel seeks $14,299,418 in damages. Defendant asserts that it appears quite likely that

---

2. Fed.R.Civ.P. 81(a)(3) has been interpreted as requiring the application of the Federal Rules of Civil Procedure to "proceedings under Title 9 U.S.C." and not to arbitrations themselves. *See, e.g., Commercial Solvents Corp.,* 20 F.R.D. 359 (S.D.N.Y.1957).

3. Discovery in aid of arbitration is permitted by federal courts in this Circuit under essentially

the same standard as under New York law. *See Bigge Crane and Rigging Co., supra,* 371 F.Supp. at 244–46 (pre-arbitration discovery permitted as consistent with Federal Arbitration Act and New York law); *Bergen Shipping Co., Ltd. v. Japan Marine Services, Ltd.,* 386 F.Supp. 430, 435 n. 8 (S.D.N.Y.1974).

Rosseel will be unable to enforce an arbitral award, if any, if it cannot locate and attach assets of plaintiffs at this time. In support of this assertion defendant claims that Oriental U.K. has apparently ceased operations and Bokhari has transferred the title of some of his property outside Saudi Arabia to family members. Moreover, defendant states that it will conduct these depositions by telephone, in order to minimize the inconvenience to plaintiffs. Defendant's Memorandum at 6.

By its own concession, Rosseel has indicated that it is not seeking any evidence for presentation to the arbitrators. It quite candidly states in its brief that it wants the information in order to ensure its ability to enforce an arbitration award, if any, in its favor. Defendant's Memorandum at 2. However, the line of cases permitting discovery "in aid of arbitration" only apply to discovery concerning the *subject matter* of the suit to be arbitrated. *See, e.g., Falcone Brothers Partnership v. Bear Stearns & Co.*, 699 F.Supp. 32 (S.D.N.Y.1988); *International Union of Electric, Radio & Machine Workers v. Westinghouse Electric Co.*, 48 F.R.D. 298 (S.D.N.Y.1969) ("extraordinary circumstance" test only applies to discovery on merits). Defendant has failed to bring to this Court's attention a single case in which a federal court has ordered discovery of materials that were not intended to be presented to the arbitrators. Nevertheless, defendant contends that the ability to enforce an award, if any, is central to the substance of Rosseel's case. Defendant's Memorandum at 4. The Court finds that the discovery sought by plaintiff does not address the merits of this suit but rather is an attempt to evaluate the desirability of going forward with the arbitration. Accordingly, the "extraordinary circumstance" test is inapplicable to the discovery sought by defendant.

■ Moreover, even if applicable, defendant has failed to bring to this Court's

attention any "extraordinary circumstances." This Court has held that Bokhari has been found to have committed a fraud on Rosseel. *Oriental Commercial & Shipping v. Rosseel, N.V.*, 702 F.Supp. 1005, 1023 (S.D.N.Y.1988). Defendant contends that "fraud is by its nature an extraordinary circumstance." Defendant's Memorandum at 5. However, the mere fact that this Court made a finding of fraud in its determination to pierce the corporate veil does not create "exceptional circumstances" for purposes of ordering discovery in aid of arbitration. Under defendant's theory all action involving fraud would create "exceptional circumstances." The term "exceptional circumstances" addresses situations where a party's ability to properly present its case to the arbitrators will be irreparably harmed absent court ordered discovery. Accordingly, exceptional circumstances do not exist in the present case. The situation in this instance is clearly one of convenience rather than necessity.

■ Furthermore, the information sought in the present instance is not discoverable. Although the range of discovery permitted under Fed.R.Civ.P. 26(b)(1) is exceedingly broad, *see, e.g., U.S. v. International Business Machines Corp.*, 66 F.R.D. 215 (S.D.N.Y.1974), the information sought must be reasonably calculated to lead to admissible evidence. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Defendant concedes that the information sought herein is not meant to elicit evidence to be presented to the arbitrators, but rather for other purposes. Defendant requests information concerning the location of plaintiffs' assets to evaluate the likelihood of being able to collect an award, should an award be granted by the arbitrators. Therefore, for all the reasons stated above, the discovery sought by defendant must be denied.[4]

---

**4.** Defendant asserts that if the instant motion is denied, Rosseel may move for an order of attachment, pursuant to Rule 64 of the Federal Rules of Civil Procedure and section 6201(1) of the New York Civil Practice Law and Rules ("CPLR"). Defendant correctly notes that such

an order need not specify the particular items of property or debts to be attached, *see* N.Y. CPLR § 6214(b), and that once such an order of attachment is secured, a party may move for disclosure of the opposing party's assets under N.Y. CPLR § 6220. *See, e.g., Michelsen v.*

Finally, the Court declines the request to maintain jurisdiction over this action pending the determination of the arbitration. Rosseel has elected to pursue this matter through arbitration. Defendant chose to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations. Having done so, defendant "cannot then vacillate and successfully urge a preference for a unique combination of litigation and arbitration." *Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co.,* 20 F.R.D. 359, 362 (S.D.N.Y.1959). As none of defendant's claims remain to be resolved by this Court, there is no reason to maintain jurisdiction over this action pending the arbitrators' decision. *See Margalioth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 695 F.Supp. 756 (S.D.N.Y.1988). Accordingly, this action is dismissed.

## CONCLUSION

Defendant's motion for an order compelling the depositions of Oriental Commercial & Shipping Co., Ltd. ("Oriental U.K."), Oriental S.A. and Bokhari is denied. As none of defendant's claims remain to be resolved by this Court, this action is dismissed.

SO ORDERED.

*Brush,* 233 F.Supp. 868 (E.D.N.Y.1964) (requiring disclosure of assets outside New York that could be brought into New York).

However, the Court notes that the availability of pre-arbitration attachment under the Convention is not settled. *Compare McCreary Tire & Rubber Co. v. CEAT,* 501 F.2d 1032 (3d Cir.1974) (no attachment); *Jab Industries, Inc. v. Silex S.P.A.,* 601 F.Supp. 971 (S.D.N.Y.1985) (same);

*Metropolitan World Tanker Corp. v. P.N. Pertambangan Minjakdangas Bumi Nasional,* 427 F.Supp. 2, 4 (S.D.N.Y.1975) (same); *Cooper v. De La Motobecane,* 57 N.Y.2d 408, 456 N.Y.S.2d 728, 442 N.E.2d 1239 (1982) (same), *with Construction Exporting Enterprises, UNECA v. Nikki Maritime, Ltd.,* 558 F.Supp. 1372 (S.D.N.Y.1983) (attachment permitted).