■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v DAMIAN J. MCMANUS, Appellant. [670 NYS2d 599] —In a proceeding pursuant to CPLR article 75 to stay an uninsured motorist arbitration pending the deposition and independent medical examination of the claimant, and to change the venue of the arbitration from Kings County to Westchester County, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), dated March 17, 1997, which granted the application.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the application to change venue from Kings County to Westchester County and substituting therefor a provision denying that branch of the application; as so modified, the order is affirmed, with costs to the appellant.

The Supreme Court erred in determining that the petitioner insurance carrier was entitled to change the venue of the arbitration hearing. Pursuant to the American Arbitration Association rules, the arbitrator is to select the location of the hearing, and the petitioner failed to demonstrate that the arbitrator violated any of the applicable rules in selecting the location. In addition, courts are generally without power to void the determination of an arbitrator in the selection of the venue of an arbitration proceeding (*see, Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 41 NY2d 855, *revg* 51 AD2d 1040, 1043, *on dissenting opn of Shapiro, J., at App Div*).

However, the court did not improvidently exercise its discretion in ordering a deposition and physical examination of the appellant in aid of the arbitration (*see*, CPLR 3102 [c]; *Hendler & Murray v Lambert*, 127 AD2d 820; *Matter of State Farm Mut. Auto. Ins. Co. v Wernick*, 90 AD2d 519). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.