■ In the Matter of PEERLESS INSURANCE COMPANY, Respondent, v MICHELE McDONOUGH, Appellant. [702 NYS2d 880] —In a proceeding pursuant to CPLR article 75 to temporarily stay arbitration of an uninsured motorist claim to allow for discovery in aid of arbitration, the appeal is from an order of the Supreme Court, Westchester County (Donovan, J.), dated January 27, 1999, which granted the petition and directed the respondent to comply with all outstanding discovery demands.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in temporarily staying the arbitration proceeding and directing the respondent to comply with all outstanding discovery demands (*see,* CPLR 3102 [c]; *Matter of Allstate Ins. Co. v Baez,* 269 AD2d 392 [decided herewith]; *Hendler & Murray v Lambert,* 127 AD2d 820). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.

■ In the Matter of SCI ENGINEERING AND SURVEYING, P. C., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. [702 NYS2d 881] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent, dated May 13, 1998, which disqualified the petitioner from providing services to the respondent for a period of three years ending on October 31, 2000, the petitioner appeals from a judgment of the Supreme Court, Queens County (Durante, J.), dated May 28, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's assertions, the respondent had the jurisdiction to make its determination (*see,* Public Authorities Law § 1725 *et seq.;* 21 NYCRR part 9600; *see also, Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373; *see generally, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Accordingly, the petition was properly denied.

In light of this determination, we need not reach the parties' remaining contentions. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.