■ In the Matter of the Arbitration between ERIE INSURANCE COMPANY, Appellant, and RICHARD MALCOLM, Respondent, et al., Respondent. [857 NYS2d 392]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered December 4, 2006 in a proceeding pursuant to CPLR article 75. The order denied the petition for a change in venue of an arbitration hearing with respect to a claim for uninsured motorist coverage.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is granted.

Memorandum: Richard Malcolm (respondent) was injured in a motor vehicle accident in Brooklyn, and he filed a claim for uninsured motorist coverage with petitioner, his insurer. Respondent thereafter requested a hearing before the American Arbitration Association (AAA) and, upon respondent's request, the venue of the arbitration hearing was changed from Erie County to Kings County. Petitioner commenced this proceeding to challenge that change in venue, contending that AAA had violated its venue rules and it was at a disadvantage based on the change because its primary place of business is in Rochester. We conclude that Supreme Court erred in denying the petition.

The Superintendent of Insurance (Superintendent) has promulgated regulations prescribing the mandatory contents of endorsements in motor vehicle liability insurance policies for supplementary uninsured/underinsured (SUM) coverage (*see* 11 NYCRR 60-2.3), and the "prescribed SUM endorsement . . . includes the mandatory uninsured motorists (UM) coverage required by [Insurance Law § 3420 (f) (1)]" (11 NYCRR 60-2.3 [d] [1]). Among the required contents of such endorsements is a provision that all arbitrations involving SUM coverage be conducted in accordance with procedures established by the AAA and approved by the Superintendent (*see* 11 NYCRR 60-2.4 [a]). Although "[p]ursuant to the [AAA] rules, the arbitrator is to select the location of the hearing" (*Matter of State Farm Ins. Co. v McManus*, 249 AD2d 311 [1998]), the AAA rules further provide that an arbitration hearing may not be held more than 100 miles from an insured's residence. Thus, unlike the arbitrator in *State Farm Ins. Co.*, here the arbitrator violated AAA rules by placing the venue of the hearing over 100 miles

from respondent's West Seneca residence. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.