OPINION OF THE COURT
Michael D. Stallman, J.
It is adjudged that this petition for a confidentiality order in accordance with the terms of a stipulation among the parties is denied, and the proceeding is dismissed.
The CPLR does not provide for issuance of confidentiality orders in aid of arbitration. CPLR 7502 (c) specifically provides that the court may entertain an application for provisional rem *958 edies, i.e., for an order of attachment or for a preliminary injunction. The confidentiality order is not in the nature of a provisional remedy. For instance, paragraph 4 of the stipulation provides that the confidentiality obligations shall remain in effect even after the termination of the arbitration.
Petitioner’s reliance upon CPLR 7601 as a possible ground for the protective order is unavailing. Article 76 concérns special proceedings to enforce agreements raising a question of valuation, appraisal, or similar issues, which does not appear to be the case here. In any event, CPLR 7601 provides that an agreement raising such questions may be enforced as if it were an arbitration agreement, and is thus governed under article 75. CPLR 3103, 6001 and 6301 are inapplicable, for there is no action or special proceeding involving the actual controversy itself before the court.
It cannot be said here that the parties are seeking discovery in aid of arbitration (see CPLR 3102 [c]), because the parties are not seeking any court-ordered discovery from each other. To the extent -that CPLR 3102 (c) might be liberally construed to include the power to issue a confidentiality order, the burden for such relief under CPLR 3102 (c) is. high. “Generally, courts may not order discovery in aid of arbitration unless the movant has demonstrated ‘extraordinary circumstances.’ It has been stated that ‘[t]he test is necessity rather than convenience.’ ” (Hendler & Murray v Lambert, 127 AD2d 820, 820-821 [2d Dept 1987] [citation omitted].) Here, the parties want the court to grant the confidentiality order simply because they agreed to the terms. Petitioner claims that there are “sensitive issues of intellectual property and other matters,” but such concerns are inherent in any intellectual property dispute, and thus do not constitute extraordinary circumstances.
Moreover, where the parties previously agreed to arbitrate their disputes, it is inappropriate for them to place the court in the role of enforcer of their proposed confidentiality order for an indefinite period of time after the conclusion of the arbitration.
Accordingly, the court declines to “so order” the parties’ proposed stipulation, notwithstanding the approval of the arbitrators. This is without prejudice to the parties agreeing to a new or amended arbitration agreement that would include a confidentiality agreement enforceable via arbitration.