**Benjamin MARCUNE and H. William Loesch**

v.

**Peter L. COKER, Stuart Kobrovsky, Fairmeadows Securities, Inc., Lehigh Group, Ltd., Ernest Carabillo, Joel Marmar, Victor M. Dandridge, Jr. and William F. Calliott.**

Civ. A. No. 87–2667.

United States District Court, E.D. Pennsylvania.

Jan. 11, 1988.

Joan R. Sleak, Allentown, Pa., for plaintiffs.

William T. Hangley, Gail M. Burgess, John S. Summers, Malcolm J. Gross, Allentown, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiffs and five of the eight defendants in this case were partners in a venture allegedly undertaken to market a medical

---

device developed by plaintiff Marcune. Initially, the partnership, Lehigh Group, did not include defendants Kobrovsky and Fairmeadows Securities, Inc. They became associated with the partnership when, several months after its formation, Lehigh Group allegedly developed a need for more capital. Kobrovsky is alleged to have offered the partnership a substantial capital contribution in exchange for a substantial interest in it for himself and a lesser interest for Fairmeadows Securities, Inc. In addition, plaintiffs' partnership interests were to be reduced, along with their rights to an equal voice in the management of the partnership. These changes were accomplished by means of an agreement amending the original partnership agreement to which plaintiffs and defendants Coker, Dandridge and Calliott were parties.

Thereafter, plaintiffs allege that the partnership defendants and defendant Carabillo, who joined their alleged conspiracy early in 1986, sought to deprive Marcune of ownership of and profits from his invention. To that end, defendants allegedly induced Marcune to exchange his ownership in Lehigh Group for a "Net Sales Royalty Agreement". At some point prior to offering Marcune the royalty agreement, defendant Kobrovsky allegedly incorporated defendant Lehigh Group, Ltd., which was also a party to the royalty agreement signed by Marcune. After Marcune gave up his partnership interest in Lehigh Group, the partnership was allegedly dissolved, with all of its assets, including Marcune's invention, transferred to the corporation. Marcune alleges that Coker, Kobrovsky, Carabillo, Fairmeadows and Lehigh Group, Ltd., then induced him to assign his patent application to Lehigh Group, Ltd. Marcune believed that he was assigning it to the partnership. Defendants then allegedly breached the Net Sales Royalty Agreement.

In an effort to obtain a research grant of Marcune's for Lehigh Group, Ltd., defendants allegedly threatened Marcune with "nuisance" lawsuits and caused Lehigh Group, Ltd., to file such a suit against Marcune in the Lehigh County Court of Common Pleas.

All of the alleged deceptions, threats and breaches were designed to take from the plaintiffs their rights to Marcune's invention, as well as their rights to other partnership property. Most of the plaintiffs' fourteen-count complaint concerns defendants' success in obtaining the device and royalties due from it and in eliminating plaintiffs' rights and interests in the partnership, Lehigh Group.

The original partnership agreement contains the following arbitration clause:

XIII. If any disagreement shall arise between the parties hereto in respect to the conduct of the business, its dissolution, or in respect to any matter, cause or thing whatsoever not herein otherwise provided for, the same shall be decided and determined by arbitrators; each party, his heirs, executors or administrators, shall appoint one such arbitrator, and an additional arbitrator shall be chosen by the arbitrators aforementioned within five (5) days after their appointment. The award of the majority of such arbitrators shall be binding and conclusive upon the parties hereto. The appointment of such arbitrators shall be made within five (5) days after receiving notice from any one of the parties hereto, his heirs, executors or administrators, to make such appointment. The failure of any one of the parties to so appoint an arbitrator shall authorize the party or parties making appointments to make an appointment for him, by their majority vote. If such arbitrator, then and in such event, any Judge of the Common Pleas Court of the County of Lehigh, Commonwealth of Pennsylvania, upon application made by any one of the parties hereto for the purpose, is authorized and empowered to appoint such additional arbitrator.

(Complaint, Exh. A). When the partnership agreement was amended to add Kobrowsky and Fairmeadows, Inc., as partners, the amended agreement specifically incorporated Article XIII of the original agreement. (See Exh. B to Joinder in Motion for Stay Pending Arbitration, Doc. # 15). Accordingly, all defendants have

now moved for a stay of proceedings here pending arbitration.[1]

Plaintiffs oppose any stay. They contend first that the defendants have abandoned the arbitration provision by their actions in dissolving the partnership and substituting the corporation for it. Specifically, plaintiffs argue that defendants forfeited whatever rights they may have had to request arbitration by their insistence that plaintiffs are no longer partners in Lehigh Group and by their actions in accepting shares in the corporation in exchange for their partnership interests. Defendants, plaintiffs contend, are thus in default of the partnership agreement and not entitled to invoke one of its provisions to obtain a stay of court proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. § 3. Plaintiffs' argument, however, is unavailing under the circumstances.

■ First, there is nothing in the record or arguments of counsel to indicate that "any dispute" concerning the partnership or its dissolution was known to the defendants until plaintiffs filed this action. In other words, it was plaintiffs who should have invoked the arbitration clause of the partnership agreement in the first instance if they objected to defendants' actions with respect to the partnership. To conclude that defendants' actions were, as plaintiffs contend, a material breach or abandonment of the partnership agreement foreclosing their right to invoke the arbitration clause of the partnership agreement would, in effect, determine without proof the ultimate issues in the case. The present dispute concerns the propriety and legality of defendants' conduct with respect to Marcune's relinquishing of his partnership interest, the dissolution of the partnership, the formation of the corporation and the transfer of partnership assets to it. In response to plaintiffs' complaint as to these matters, defendants obviously maintain that their actions were entirely legal and proper. The Court cannot determine the appropriate forum for resolving the issues, *i.e.*, arbitration or litigation, by assuming that plaintiffs' allegations will ultimately be proven. Yet that is precisely the assumption which would be made if we accept plaintiffs' characterization of the effect of defendants' actions on their ability to invoke the arbitration clause. To defendants, there was no dispute prior to the institution of this action. From the record as it presently stands, it appears that plaintiffs, or at least Marcune, acquiesced in defendants' actions until the ultimate result, *i.e.*, plaintiffs' alleged loss of rights and property, became apparent. It was only then that any dispute concerning the partnership arose and that was in the context of the present suit. There is no contention, either in the complaint or in plaintiffs' briefs in opposition to the instant motions, that plaintiffs attempted to arbitrate any issue concerning the matters involved in this suit only to be met with defendants' contention that the issues were not arbitrable because the partnership agreement no longer existed.[2]

It is apparent that a motion for a stay pending arbitration filed by defendants before June 8, 1987, would have been unavailing. This is so because prior to the United States Supreme Court's decision of that date holding that claims brought under the Securities Exchange Act of 1934 are arbitrable, *Shearson/American Express, Inc. v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), it had been held in the Third Circuit that such claims were not arbitrable. *Jacobson v. Merrill Lynch,* 797 F.2d 1197 (3d Cir.1986). The first count of plaintiffs' complaint in this case purports to state a claim for violation of

---

1. Defendants Coker, Dandridge and Calliott moved for a stay pending arbitration on June 22, 1987. On August 5, 1987, defendants Kobrowsky, Fairmeadows Securities, Inc., Lehigh Group, Ltd., Carabillo and Marmar joined in the motion.

2. Plaintiffs argue that the dispute which defendants should have submitted to arbitration is the suit brought by Lehigh Group, Ltd. against Marcune. As noted, however, that is a dispute concerning the partnership only if it is assumed, as plaintiffs allege, that the assets of the partnership were unlawfully transferred to the corporation and that plaintiffs' objections to such transfer were known to defendants.

the Securities Exchange Act of 1934 and the second count alleges a violation of RICO, with the Securities Exchange Act violation listed as one of the predicate offenses. The Third Circuit Court of Appeals had also held that such a claim was not arbitrable in *Jacobson*. [3] Thus, it is apparent that defendants invoked the arbitration provision at their earliest opportunity. We conclude, therefore, that defendants have not waived their right to seek arbitration of plaintiffs' claims against them.

■ Plaintiffs, perhaps aware of the weakness of their position in opposing any stay of court proceedings pending arbitration, have an alternative position. They note, correctly, that not all of the defendants here were parties to the arbitration agreement. Consequently, plaintiffs are not bound to submit their claims against the nonpartnership defendants to arbitration. (Lehigh Group, Ltd., Carabillo and Marmar). Plaintiffs thus contend that if arbitrable claims are to be stayed, the remaining non-arbitrable claims should proceed, along with all claims against the three defendants who were not parties to the partnership agreement. In addition, plaintiffs request that discovery proceed.

It is true that the Court has discretion to proceed as plaintiffs request, and the Court, likewise, has discretion to stay all proceedings here pending the arbitration proceedings. *See, e.g., Barrowclough v. Kidder, Peabody & Co.*, 752 F.2d 923 (3d Cir.1985), *G. & V. General Contractors, Inc. v. W. Wilson Goode*, No. 86–7408, slip op. (E.D.Pa. April 21, 1987) [Available on WESTLAW, 1987 WL 9786]. Under the circumstances of this case, the Court concludes that the best course is to allow the case to proceed against the non-partnership defendants, at least through discovery. Accordingly, we will not include defendants Lehigh Group, Ltd., Ernest Carabillo and Joel Marmar in the stay order and will also deny their motion for a protective order.

The Court's discretion to allow discovery on the underlying claim to proceed against the arbitrating defendants is somewhat more circumscribed. The Court is permitted to allow such discovery when the action is stayed pending arbitration where extraordinary circumstances are present. *Levin v. Ripple Twist Mills, Inc.*, 416 F.Supp. 876 (E.D.Pa.1976). Otherwise, a stay of proceedings pending arbitration extends to discovery as well. *Id.* Here, the underlying dispute concerns the transfer of partnership property to the corporation, Lehigh Group, Ltd., and the circumstances surrounding plaintiff Marcune's relinquishing of his partnership interest. Plaintiff Marcune alleges that defendant Kobrovsky controls the corporation. Consequently, we presume that it is he who will be deposed on behalf of the corporation. It would be wasteful and duplicative to have him appear for deposition and not allow him to testify as to other aspects of plaintiffs' claims. We will, therefore, allow discovery to proceed against him generally, as well as against Fairmeadows Securities, Inc., also allegedly controlled by Kobrovsky.

It does not appear that plaintiffs have sought discovery against the remaining partnership defendants at this time. If that statement is not an accurate reflection of plaintiffs' position on that issue, plaintiffs may move to allow discovery as to those defendants during the stay. Plaintiffs must, if they choose that course, demonstrate the extraordinary circumstances which would justify such an order in their motion.

### ORDER

AND NOW, this 11th day of January, 1988, upon consideration of defendants' motions to stay proceedings in this action pending arbitration and plaintiffs' response thereto, IT IS ORDERED that the action is STAYED between plaintiffs and defendants Kobrovsky, Fairmeadows Securities, Inc., Coker, Dandridge and Calliott pending arbitration pursuant to their partnership agreement.

---

3. In fact, plaintiffs candidly admit that their complaint was drafted in such a way as to prevent arbitration of nearly all of their federal claims prior to the *McMahon* decision. (See, Plaintiffs' Brief in Opposition to Motion for Stay Pending Arbitration, n. 18).

IT IS FURTHER ORDERED that the action will proceed against defendants Lehigh Group, Ltd., Carabillo and Marmar.

IT IS FURTHER ORDERED that discovery may proceed as to plaintiffs' claims against defendants Kobrovsky and Fairmeadows Securities, Inc., although other Court action with respect to the claims against them is stayed pending arbitration.

IT IS FURTHER ORDERED that the motion of defendants Kobrovsky, Fairmeadows Securities, Inc., Carabillo and Marmar for a protective order is DENIED.