## HARRY F. ORTLIP COMPANY

v.

## The GEORGE HYMAN CONSTRUCTION COMPANY

v.

## CUPPLES PRODUCTS DIVISION OF H.H. ROBERTSON COMPANY.

### Civ. A. No. 88–8492.

United States District Court,
E.D. Pennsylvania.

June 22, 1989.

Herman L. Fussell, Atlanta, Ga., James J. Black, III, Philadelphia, Pa., for plaintiff.

Kevin F. Hirsch, Philadelphia, Pa., for Hyman.

Christopher K. Walters, Philadelphia, Pa., for Cupples.

## MEMORANDUM

VAN ANTWERPEN, District Judge.

Presently before the court are two motions filed by the defendant, The George Hyman Construction Company ("Hyman"): Motion for a Protective Order and Motion for a Stay of Discovery or an Expedited Ruling on Defendant's Motion for a Protective Ruling. In these motions, the defendant seeks to prevent the third-party defendant, Cupples Products Division of H.H. Robertson Company ("Cupples") from taking the depositions of Myron S. Sigal of Two Logan Square Associates, the owner of the construction project involved in this action, and Gordon H. Smith, an engineering consultant for the owner on the project. In the Notice of Deposition, both Mr. Sigal and Mr. Gordon are requested to bring with them documents pertaining to the curtain wall installed by Cupples and the stone installed by FEI/Cornell on the Two Logan project. Cupples has sought to depose Messrs. Sigal and Gordon prior to an arbitration proceeding to commence on June 26, 1989 and scheduled to end on or about August 1, 1989. This arbitration is being held pursuant to an Agreement to Arbitrate, dated December 20, 1988, and signed by representatives of Hyman and Cupples. Hyman has filed its motions seeking to prevent these depositions [1] from taking place until after the conclusion of the forthcoming arbitration on the grounds that Cupples' insistence upon taking these depositions prior to the conclusion of arbitration indicates that the depositions to be taken are sought not for the purpose of providing information in the captioned case, but are sought, instead, for the purpose of providing information for the imminent arbitration. For the reasons set forth below, we shall grant Hyman's Motion for Protective Order.

The captioned case involves claims relating to construction of the Two Logan Square office building located at 18th and Cherry Streets in Philadelphia for which Hyman was the general contractor. Plaintiff, Harry F. Ortlip Company ("Ortlip"), was Hyman's electrical subcontractor for the project. In the captioned action, Ortlip

---

1. While these rapidly filed motions were under the advisement of the court, Mr. Sigal's deposition was taken on June 19, 1989. Mr. Gordon's deposition has not yet been taken. Since we shall grant the defendant's Motion for Protective Order, we shall fashion appropriate relief for the defendant as to the deposition that has already been taken.

claims that its electrical work on the project was delayed and disrupted, and that it has not been paid extra or changed work, as a result of acts, omissions and breaches of contract by Hyman. Ortlip has not asserted any direct claims against Cupples in this action.

Cupples was the Hyman subcontractor on the Two Logan project which fabricated and installed the aluminum and window glass curtain wall for the building. During construction, significant disputes arose between Hyman and Cupples relating to fabrication and erection of the curtain wall. These disputes involve allegations by Cupples that Hyman delayed its work on the curtain wall and allegations by Hyman that Cupples delayed overall completion of the project, with both parties claiming substantial monetary damages.

Before this action was filed, Hyman and Cupples, in an Agreement to Arbitrate, dated December 20, 1988, agreed to submit their disputes to arbitration, except for certain third-party claims. Pursuant to the arbitration agreement, Hyman and Cupples are to submit all of their claims relating to the project for decision by a panel of arbitrators, except for claims by the owner or other subcontractors against Hyman where Hyman will claim indemnity from Cupples. Hyman reserved the right to assert these "pass-through claims" for indemnity against Cupples in any forum where Hyman is sued.

Because Ortlip's claims against Hyman in this action are "pass-through claims" under the arbitration agreement, Hyman joined Cupples as a third-party defendant, alleging that if Hyman is found liable to Ortlip, such liability is principally the result of breaches by Cupples for which it must indemnify Hyman. In response, Cupples asserted a protective counterclaim against Hyman raising all of Cupples' claims against Hyman and damages relating to fabrication and erection of the curtain wall for the project.

Because the Cupples counterclaim includes the claims to be arbitrated with Hyman, all parties agreed that it should be severed from the main action and all proceedings on the counterclaim stayed. Accordingly, the parties filed a Joint Motion for Severance and Stay of proceedings and the court entered an order on March 23, 1989 which severed the Cupples counterclaim from the other claims in this case and stayed all further proceedings relating to the counterclaim until the arbitration between Cupples and Hyman is concluded and the stay lifted by further order of the court.[2]

The arbitration will conclusively resolve all claims between Hyman and Cupples relating to fabrication and erection of the curtain wall for the project. The agreement to arbitrate provides that Hyman and Cupples will request specific findings of fact on their claims and treat the findings as *res judicata* in actions such as this one brought by Ortlip. The agreement also reserves Cupples' right to assert other defenses to pass-through claims such as a lack of impact.

Accordingly, in the captioned action, Cupples may assert that any delays its curtain wall work caused on the project did not affect Ortlip's electrical work or cause Ortlip any damages. All other issues relating to the curtain wall will be resolved during the arbitration.

Hyman has no objection to the taking of these depositions after the conclusion of arbitration. The discovery deadline in the captioned case is October 31, 1989; the arbitration is estimated to conclude on August 1, 1989. Thus, there would be many weeks before the conclusion of discovery in which Cupples could take depositions.

---

**2.** 9 U.S.C.A. § 3 (West 1970) dictates that a federal court shall issue such a stay order under certain circumstances. The statute reads:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satis-fied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Cupples insists, however, that it should be permitted to depose Messrs. Sigal and Gordon prior to the arbitration. It argues that the factors surrounding the delays in construction constitute an issue relevant to both the arbitration proceedings and to the captioned case. It further argues that postponing the depositions would be prejudicial to it. Counsel for Cupples states in his Brief in Opposition to Hyman's Motion for a Protective Order at 8:

> Hyman's second argument is that Cupples would not be prejudiced by waiting until after the arbitration is concluded to take the depositions. This argument completely ignores the binding effect of the arbitration on subsequent litigation, such as this. That aspect of the arbitration mandates that information known to these witnesses be obtained before the delay claim is decided, which presumably will be in the arbitration. Once that question is decided, it will not be relitigated. A suggestion that Cupples would not be prejudiced by waiting until after the arbitration to obtain information it could not then use is preposterous.

■ We take these words of Cupples to mean that Cupples is indeed seeking to depose these witnesses to obtain testimony to be used in the forthcoming arbitration. This Cupples may not do. Under our order of March 23, 1989, all proceedings relating to Cupples' counterclaim against Hyman have been stayed until the conclusion of arbitration between Cupples and Hyman. Allowing discovery to proceed on the underlying claim during a stay is within the court's discretion, but such discretion should be exercised only upon a showing of "extraordinary circumstances". Otherwise, the stay pending arbitration extends to discovery, too. *Marcune v. Coker,* 678 F.Supp. 121, 124 (E.D.Pa.1988) (citing *Levin v. Ripple Twist Mills, Inc.,* 416 F.Supp. 876 (E.D.Pa.1976) *appeal dismissed,* 549 F.2d 795 (3d Cir.1977)).

■ It is clear that "extraordinary circumstances" do not include an inability or a failure to obtain discovery for an arbitration proceeding. We agree with Judge Newcomer in *Levin,* 416 F.Supp. 876:

In the instant case, the plaintiff's unanswered discovery goes to the subject matter of the dispute. Whatever hardship may be caused to the plaintiff if he obtains less discovery in arbitration than would be available in this court, he accepted the risk of being placed in that position when he accepted the arbitration clause in the Agreement. There are no extraordinary circumstances here justifying a discovery order during a stay. (footnote omitted)

*Id.* at 880–881.

We also agree with these words found in *Mississippi Power Co. v. Peabody Coal Co.,* 69 F.R.D. 558, 567 (S.D.Miss.1976) regarding the dangers to be found in allowing simultaneous discovery for an arbitration and for an action in federal court:

> There should be no necessity for double-barrelled discovery, proceeding simultaneously under the supervision of the Court, on one hand, and under the supervision of the arbitrator, on the other, a situation fraught with the likelihood of conflicts, duplications, hindrances and delays, all basically in conflict with the arbitration process, as demonstrated by the many cases hereinabove cited....

We note that the Supreme Court itself, citing *Mississippi Power Co.,* has stated:

> In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied. *See Mississippi Power Co. v. Peabody Coal Co.,* 69 F.R.D. 558, 565–568 (S.D.Miss.1976); *Econo–Car International Inc. v. Antilles Car Rentals, Inc.,* 61 F.R.D. 8, 10 (V.I.1973), reversed on other grounds, 499 F.2d 1391 (C.A.3 1974)....

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 n. 17, 98 S.Ct. 2380, 2390 n. 17, 57 L.Ed.2d 253 (1978)

■ By its own admission, Cupples has indicated that it seeks to depose these two

witnesses because their testimony will be important in the arbitration proceeding. Cupples has shown no "extraordinary circumstances" that would prompt us to issue an order permitting such discovery during the stay of proceedings pending arbitration. Since that stay is still in effect and since that stay includes a stay of discovery, we shall not permit these depositions to take place until after the conclusion of arbitration. Accordingly, we shall grant the Motion for Protective Order which Hyman seeks.