**In re the Matter of the Petition of Donna JACOBS and Dennis D. Jacobs to Perpetuate the Testimony of Dennis D. Jacobs.**

No. S86–341.

United States District Court,
N.D. Indiana,
South Bend Division.

June 16, 1986.

Robert F. Gonderman, Robert F. Gonderman, Jr., South Bend, Ind., for petitioners.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause came before the court this date for hearing on petitioners Donna and Dennis Jacobs' *ex parte* petition to perpetuate Dennis Jacobs' testimony pursuant to Rule 27 of the Federal Rules of Civil Procedure, via an immediate videotape deposition, and to appoint counsel for the expected adverse parties. Among the adverse parties is Union Carbide Corporation which, being licensed to do business in the State of Indiana, is a resident of this district, 28 U.S.C. section 1391(c), rendering this the proper court to address the Jacobs' petition.

The Jacobs' petition for an *ex parte* order was filed contemporaneously with their principal Rule 27 petition, hearing on which is scheduled for July 8, 1986. Because many of the issues that may be raised at the July 8th hearing are identical to those presented by the *ex parte* petition, particularly the factors set forth in Rule 27(a)(1), the court will limit this discussion to the determinative issue of the notice requirement.

The Jacobses maintain that Dennis Jacobs is dying of myeloblastic leukemia and, perhaps, complications arising from his treatment. He and his wife have recently retained counsel for the purpose of filing a wrongful death action against several defendants. Mr. and Mrs. Jacobs believe that Mr. Jacobs' occupational exposure to benzene caused his leukemia. The Jacobs' petition identifies fourteen potential adverse parties. The wrongful death action cannot be filed prior to Mr. Jacobs' death; the Jacobses have filed their petition under Rule 27 to take Mr. Jacobs' videotape deposition to preserve his testimony. Rule 27(a)(2) sets forth the notice requirements for the taking of such a deposition prior to the filing of suit:

(2) **Notice and Service.** The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least 20 days before the date of hearing the notice shall be served either within or without the district or state in the manner provided in Rule 4(d) for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise, and shall appoint, for persons not served in the manner provided in Rule 4(d), an attorney who shall represent them, and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 17(c) apply.

As noted above, the hearing contemplated by that Rule is scheduled for July 8th. The Jacobses fear, however, that Mr. Jacobs will not survive to that date, and they have submitted a supporting affidavit of one of his treating physicians. Accord-

ingly, the Jacobses further request that the court order the immediate taking of Mr. Jacobs' deposition, maintaining that Rule 27(a)(2) gives the court the authority to so act when, despite due diligence, the adverse parties have not been served within a reduced period made necessary by the situation's urgency. The petitioners request that the court appoint counsel to represent the defendants for purpose of the deposition.

The court does not understand Rule 27(a)(2) to empower the court to dispense with the requirement that the movant attempt to afford the adverse parties with twenty days' notice. The Rule allows the court to act if, despite the movant's best efforts to serve the adverse parties with notice of the hearing in accordance with Fed.R.Civ.P. 4(d), no such service has been affected. Under such circumstances, the court may direct service in a manner other than that required by Rule 4(d). This court does not read Rule 27(a)(2), however, as authorizing dispensation of the notice requirement, and no case has been submitted to the court in which notice was not required.

The court recognizes the Jacobs' concerns, and recognizes that denial of this *ex parte* petition may well result in deprivation of the opportunity to take Mr. Jacobs' deposition. The court, along with the Jacobses, earnestly hopes that Mr. Jacobs will being doing well after July 8th. But while the court sympathizes with the concerns that have led these petitioners to court at this stage of the proceedings, the court concludes that Rule 27 does not vest the court with the authority to reduce the twenty-days' notice requirement and/or to dispense with the requirement that service be attempted under Rule 4(d) before the court appoints counsel.

For the foregoing reasons, the petitioners' *ex parte* petition for the court to appoint counsel for the adverse parties and to order the deposition of Dennis D. Jacobs immediately is DENIED.

SO ORDERED.