## KOCH FUEL INTERNATIONAL INC., Plaintiff,

v.

**M/V SOUTH STAR, her engines, boilers, tackle, etc., in rem, and Ocean Marine Maritime Corporation, in personam, Defendants.**

No. CV 87–4302 (ILG).

United States District Court, E.D. New York.

Dec. 30, 1987.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, Richard H. Webber, New York City, for plaintiff.

Walker & Corsa, Richard A. Corwin, New York City, for defendants.

## MEMORANDUM AND ORDER

DEARIE, District Judge[*]:

This admiralty claim, brought pursuant to 28 U.S.C. § 1333, requires the Court to revisit an issue that has attracted some controversy: whether discovery can be had on the subject matter of a dispute that is to be arbitrated. For the reasons stated below, the Court finds that this case presents the exceptional circumstances warranting the limited discovery now authorized.

## BACKGROUND

On December 28, 1987, the plaintiff applied to this Court for an order of arrest and an order allowing expedited discovery of the defendant ship. This Court signed

an order, pursuant to rules governing admiralty and maritime claims, granting the relief requested based on plaintiff's representations that the defendant ship, a foreign vessel, was preparing to leave the local port and that the arrest and discovery were necessary to secure its claim and also to substantiate the allegations in its complaint that the defendants had converted a portion of the plaintiff's cargo of fuel oil. Plaintiff caused the order of arrest to be delivered to the master of the defendant vessel on December 28, 1987.

On December 29, 1987, attorneys for both parties appeared before this Court pursuant to an application by defendant M/V SOUTH STAR to vacate the order signed the previous day. At that conference the defendant alleged that the contract between the parties provided for the resolution of any dispute through arbitration in London under English law. The defendant did agree, however, to certain limited discovery notwithstanding the existence of the arbitration agreement. Specifically, defendant agreed to produce the vessel's records and to permit an inspection of the vessel by plaintiff's authorized surveyors. Defendant strenuously objected, however, to plaintiff's application to take brief depositions of limited number of crew members.

Defendant argues that depositions should not be allowed because they are not utilized under English law in the arbitration. Indeed, defendant argues that depositions are "anathema" to this method of dispute resolution in England. Defendant argues further that the vessel's records and the inspection are more than sufficient to allow plaintiff to establish his claims in arbitration.

Plaintiff, on the other hand, insists that in this setting the records and inspection are insufficient and that the depositions of a small group of those with knowledge concerning the shipment is necessary to prove its claims. More specifically, plaintiff argues that the testimony of the vari-

---

[*] Judge Dearie heard this motion in his capacity as miscellaneous judge. The case is assigned to Judge I. Leo Glasser.

ous crew members might well provide some of the most important evidence in this dispute, and that if the depositions are not taken now, testimony of these individuals will never be had—in arbitration or otherwise.

Plaintiff alleges that the deposition request is not a mere fishing expedition in search of any relevant facts. Rather, plaintiff points out, it has already obtained certain information from certain crew members supporting its position. In addition, plaintiff represents that it has evidence of attempts to frustrate a surveyor's efforts to calculate the extent of the losses by tampering with certain internal systems of the vessel. These matters, plaintiff urges, are the matters to be pursued at deposition. Finally, plaintiff claims the depositions would be completed in one day, thus allowing for the release of the merchant vessel pursuant to an agreement of the parties.

The issue before the Court, then, is whether limited discovery in the form of the depositions should be allowed where the parties have agreed to arbitrate their dispute and where the testimony sought is that of crew members preparing to depart the country who will thus most likely be unavailable to provide testimony in this dispute in the future. In this connection, it is not without some significance to note that defendant's counsel have provided no assurances that any of the crew members will be made available to plaintiff in the future.

DISCUSSION

■ Although discovery on the subject matter of a dispute to be arbitrated generally has been denied, *Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co., Inc.*, 20 F.R.D. 359 (S.D.N.Y.1957), J. Moore, J. Lucas & K. Sinclair, *Moore's Federal Practice* ¶ 81.05[7], at 81–58 to 81–59 (1987), courts have recognized that discovery may be appropriate in exceptional circumstances. *See, e.g., E.C. Ernst, Inc. v. Potlatch Corp.*, 462 F.Supp. 694, 695 n. 1 (S.D.N.Y.1978); *Bergen Shipping Co., Ltd. v. Japan Marine Services, Ltd.*, 386 F.Supp. 430, 435 n. 8 (S.D.N.Y.1974);

*Bigge Crane & Rigging Co. v. Docutel Corp.*, 371 F.Supp. 240 (E.D.N.Y.1973); *Ferro Union Corp. v. SS Ionic Coast*, 43 F.R.D. 11 (S.D.Tex.1967). One of the "exceptional circumstances" in which discovery has been deemed proper is where a vessel with crew members possessing particular knowledge of the dispute is about to leave port. *See, e.g., Bergen Shipping Co., Ltd., supra*, at 435 n. 8 (allegations that crew was about to leave the United States sufficient to meet test of necessity); *Ferro Union Corp., supra*, at 14 (same). This Court believes that the facts here meet the "exceptional circumstances" test.

■ Although this case may be routine in the sense that it represents a relatively garden variety commercial dispute as defendant argues, for discovery purposes the circumstances are hardly routine. The only persons possessing first-hand knowledge of the facts recited and alleged in plaintiff's verified complaint are the crewmen and executive officers of the M/V SOUTH STAR, none of whom is an American citizen and all of whom will presumably be unavailable once the ship leaves the United States. Here, plaintiff seeks only minimal deposition discovery. In the words of the *Ferro Union* court, "this court cannot conceive how defendants can be harmed by allowing the depositions to proceed...." 43 F.R.D. at 14.

Defendant's argument that the relevant facts are discoverable through alternative methods, such as inspection by authorized surveyors, is not convincing. Although the physical and documentary evidence may show a diversion of the cargo, it may not show with certainty the theft through usage that is alleged in the complaint. Defendant's contention that deposition testimony is improper here because it is not used under English arbitration is similarly unconvincing.

The Court is well aware of the strong federal policy favoring arbitration. *See Shearson/American Express v. McMahon*, —— U.S. ——, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987). The Court is also aware that arbitration should not generally be encumbered by protracted discovery or

other procedural mechanisms. *See Commercial Solvents Corp., supra,* at 361 ("a main object of a voluntary submission to arbitration is the avoidance of formal and technical preparation of a case for the usual procedure of a judicial trial"). However, in deferring to the arbitration forum in accordance with the parties' agreement, the Court should not blindfold the arbitrators and frustrate, perhaps irreparably, the fact-finding process by failing to afford the parties a brief opportunity to preserve evanescent evidence. This Court finds applicable the cogent reasoning of the *Ferro Union* court in a case strikingly similar to the one at bar:

> [T]o allow [the deposition discovery] to proceed would, it seems to this court, be an aid to the ultimate arbitration proceedings. This decision does not mean that the arbitrators who might be ultimately appointed to determine this matter should or should not consider the results of the discovery here allowed. This decision does mean, however, that potentially valuable information will be available for the arbitrators to consider if they so desire. To deny discovery here could well mean that the information sought would never be available to the arbitrators or, if available, only at great expense.

43 F.R.D. at 14.

In sum, defendant's request to vacate the order allowing discovery is denied. Plaintiff shall be permitted a physical inspection of the ship and appropriate access to its records pursuant to the agreement between the parties. In addition, plaintiff shall be permitted the brief depositions of the five individuals requested.

SO ORDERED.