**William and Grace COTTER, Plaintiffs,**

v.

**SHEARSON LEHMAN HUTTON, INC., Nicholas Faitos, Glenn Pallen, and Joseph Del Duca, Defendants.**

**No. 88 Civ. 7506 (JES).**

United States District Court, S.D. New York.

May 16, 1989.

<br />

**20**

in the alternative for discovery in aid of arbitration. Defendants move to stay the action in favor of arbitration and to compel arbitration, or in the alternative to dismiss the complaint. For the reasons that follow, the motions to stay this action and to compel arbitration are granted and all other motions are denied.

Plaintiffs claim that defendants engaged in the unauthorized trading of options in their account at Shearson Lehman Hutton, Inc. ("Shearson"). They allege that an agreement they entered into with Shearson in 1984 did not authorize options trading and that they never signed a subsequent authorization for options trading. However, it is undisputed that in 1986, after the events which led to this suit, plaintiffs entered into an agreement with Shearson to submit their claims to arbitration.

In connection with that arbitration, plaintiffs sought certain documents and testimony from Shearson and others. The arbitration panel denied this request but ruled that plaintiffs might be afforded access to specific documents or witnesses if they could demonstrate their relevance. *See* Affidavit of Mary E. Reisert ("Reisert Aff."), Ex. E. Plaintiffs then commenced this action in federal court, arguing that the 1986 agreement submitting their claims to arbitration is invalid and that in any event they should be granted expedited discovery or discovery in aid of arbitration.

Arnoff & Siskind, P.C., New York City, Norman B. Arnoff, Gordon P.R. Posner, of counsel, for plaintiffs.

Shearson Lehman Hutton, Inc., Office of the General Counsel, New York City, Thomas E. Hommel, Mary E. Reisert, of counsel, for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiffs move for a stay of arbitration and expedited discovery, or

## DISCUSSION

The 1984 client agreement between plaintiffs and Shearson provides that "any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration...." *See* Reisert Aff., Ex. C at ¶ 13. A dispute as to whether options could be properly traded in plaintiffs' account is a "controversy arising out of or relating to [plaintiffs'] accounts," *see id.,* and therefore falls squarely within the arbitration clause, *see Gilmore v. Shearson/American Express, Inc.,* 668 F.Supp. 314, 320 (S.D.N.Y.1987); *Finkle*

*and Ross v. A.G. Becker Paribas, Inc.*, 622 F.Supp. 1505, 1512 (S.D.N.Y.1985). Plaintiffs' assertion that Shearson's practice was to execute a new agreement when options trading was authorized in order to comply with market and self regulatory organization rules, even if true, goes to the merits of their claim that options should not have been traded in their account, but does not demonstrate that this claim is not subject to arbitration.[1] *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967); *Maria Victoria Naviera, S.A. v. Cementos del Valle, S.A.*, 759 F.2d 1027, 1031 (2d Cir.1985).

■ Plaintiffs also argue that the 1986 agreement to submit their dispute to arbitration is invalid because Shearson is holding certain securities in their account, and therefore was under a fiduciary duty to advise them that the 1984 client agreement arbitration clause did not cover options disputes. The Court is aware of no case holding that a bona fide dispute as to arbitrability between a fiduciary and its client can support a breach of fiduciary duty, especially where, as here, the defendants' legal position is not only arguably valid but indeed has been accepted by this Court.[2] Therefore, the Court concludes that both the client agreement and the submission agreement require arbitration of these claims.

1. In addition, plaintiffs have made no showing of unfairness, undue oppression or unconscionability such that the arbitration clause would be invalid for public policy reasons. *See Finkle and Ross, supra*, 622 F.Supp. at 1512.
   The Court notes that the agreements with Shearson providing for arbitration also apply to the individual defendants, who were employees of Shearson at the time these events occurred. *See Brener v. Becker Paribas Inc.*, 628 F.Supp. 442, 451 (S.D.N.Y.1985).

2. For the same reason, the Court also rejects plaintiffs' arguments that defendants breached a fiduciary duty to plaintiffs by not abandoning their defenses and acceding to plaintiffs' view of the merits and relevance of proof.

3. Because the Court determines that this dispute must be arbitrated, the motion for expedited discovery in this action is denied.

4. The Court notes that the arbitration panel has not finally determined that these documents

■ Plaintiffs also seek discovery in aid of arbitration.[3] A party must demonstrate an extraordinary set of circumstances before a court will order discovery in aid of arbitration. *See Koch Fuel International Inc. v. M/V South Star*, 118 F.R.D. 318, 320 (E.D.N.Y.1987); *Penn Tanker Co. v. C.H.Z. Rolimpex, Warszawa*, 199 F.Supp. 716, 718 (S.D.N.Y.1961). Moreover, discovery in aid of arbitration will not be granted where it will delay the arbitration proceedings. *See Koch Fuel, supra*, 118 F.R.D. at 320–21; *Drulcrest Pty. Ltd. v. Jamar Productions, Inc.*, No. 85 Civ. 2174, slip op., 1986 WL 4547 (S.D.N.Y. April 11, 1986).

■ Here, plaintiffs' arguments that defendants have failed to make full disclosure and that the arbitrators have failed to compel that disclosure amount at best to a disagreement as to the relevance of documents and witnesses.[4] This falls short of the sort of extraordinary circumstances which would warrant a grant of discovery in aid of arbitration, *see, e.g., Koch Fuel, supra*, 118 F.R.D. at 320 (depositions of crew members about to leave port); *Bergen Shipping Co. v. Japan Marine Servs. Ltd.*, 386 F.Supp. 430, 435 n. 8 (S.D.N.Y. 1974) (same), especially where, as here, the discovery is sought while the arbitration proceeding is ongoing and will surely cause delay.[5] Nor will plaintiffs be without a

and witnesses need not be produced, but has only ruled that plaintiffs would have to first make a showing of their relevance. *See* Reisert Aff., Ex. E.

5. Plaintiffs also commenced an action in state court seeking discovery in aid of arbitration and enforcement of subpoenas issued pursuant to the New York Civil Practice Law and Rules ("CPLR"). Although the Court initially intended to entertain the application to enforce the subpoenas, the Court now concludes that that issue should be addressed in the state court. First, it is not entirely clear that the Court has jurisdiction to enforce an attorney's subpoena issued pursuant to state law. *See Local Lodge 1746, I.A.M. & A.W. v. Pratt and Whitney Div. of United Aircraft Corp.*, 329 F.Supp. 283, 286 (D.Conn.1971); *see also Giza v. Secretary of Health, Educ. and Welfare*, 628 F.2d 748, 752 (1st Cir.1980); *Reynolds Metals Co. v. Crowther*, 572 F.Supp. 288, 291 (D.Mass.1982). In addition, plaintiffs' application raises novel issues of

remedy if their opportunity to present proof is too narrowly circumscribed by the arbitrators because should the arbitrators deny plaintiffs a fair hearing, that of course would be a basis for not confirming any award rendered. *See* 9 U.S.C. § 10(c) (1982); *see also Konkar Maritime Enterprises, S.A. v. Compagnie Belge D'Affretement,* 668 F.Supp. 267, 273–74 (S.D.N.Y. 1987); *Teamsters Local No. 506 v. E.D. Clapp Corp.,* 551 F.Supp. 570, 578 (N.D.N. Y.1982), *aff'd,* 742 F.2d 1441 (1983).

### CONCLUSION

For the reasons set forth above, the motions to compel arbitration and to stay this action in favor of arbitration are granted, and all other motions are denied.[6] This action shall be placed on the suspense calendar of the Court pending completion of arbitration.

It is SO ORDERED.

interpretation of the various provisions of the CPLR more appropriate for the state court to resolve.

It follows that defendants' application to enjoin the state court proceedings seeking to enforce these subpoenas must be denied. State proceedings should not ordinarily be enjoined and certainly not where that relief is not essential to protect the jurisdiction of the federal court. *See*

*Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988). Here, it is not clear that this Court has the jurisdiction to afford the relief sought in the state court.

6. Defendants' motion for sanctions pursuant to Fed.R.Civ.P. 11 is denied without prejudice to renewal at the end of these proceedings.