**In The Matter of the Application of DEIULEMAR DI NAVIGAZIONE S.p.A. for Perpetuation of Testimony.**

Misc. A. No. 94–0588.

United States District Court, E.D. Louisiana.

Feb. 22, 1994.

David B. Lawton, Terriberry, Carroll & Yancy, New Orleans, LA, William A. Durham, Eastham, Watson, Dale & Forney, Houston, TX, for Deiulemar Di Navigazione S.p.A.

Timothy D. McMurtrie, Royston, Razor, Vickery & Williams L.L.P., Corpus Christi, TX, for Aegean Discovery S.A.

CHASEZ, United States Magistrate Judge.

Presently before the court is a motion to perpetuate testimony pursuant to Rule 27 F.R.Civ.P. Said motion is filed by petitioner Deiulemar Di Navigazione S.p.A., the charterer of the M/V THEODORE C, a merchant ship engaged in maritime commerce. Respondent to the motion is Aegean Discovery S.A. of Panama which has lodged a motion to dismiss the petition to perpetuate testimony filed herein.

Aegean is the owner of the M/V THEODORE C. The M/V THEODORE C ran aground at Point Comfort, Texas on December 20, 1993. At the time, the vessel was being operated under a time charter with Deiulemar. The vessel remained at Point Comfort, Texas until January 29, 1994 when it was towed to the Avondale Shipyard. The vessel has remained at Avondale under repairs since towed there.

On February 3, 1994, Aegean put the petitioner on notice of a claim for recovery and/or indemnity. The immediate problem arises because the vessel is now scheduled to leave Avondale sometime between February 24th and February 27th, 1994. Its point of origin is unknown and neither the court nor the parties can be assured that it will remain in United States waters or proceed to another port in this country. The vessel is expected to return to Greece in order to change crew and, therefore, relevant testimony from individuals located on the vessel potentially will be lost if not perpetuated prior to the vessel's departing port at Avondale.

It is not disputed that the charter agreement between Deiulemar and Aegean contains an arbitration clause requiring the parties to submit any controversies relating to the contract to London arbitration. It is further not disputed that the claim in question is one which falls under the arbitration clause.

Aegean urges the court to dismiss the motion to perpetuate testimony on two grounds. The first of these is because Rule

27 was not followed by the petitioners in that Aegean was not given twenty days notice as required by Rule 27(a)(2). Further, Aegean argues that the service called for in the Rule has not been obtained. Rather, petitioner has telefaxed a copy of this petition to the law firm of Royston, Rayzor, Vickery, and Williams of Corpus Christi, Texas which firm has filed the motion to dismiss presently before the court. Since the filing of the motion to dismiss by Aegean, Rule 4 service has been accomplished by Deiulemar mooting this argument.

█ In connection with the twenty day notice defense, counsel has cited the court to *In re the Matter of the Petition of Donna Jacobs and Dennis D. Jacobs to Perpetuate the Testimony of Dennis D. Jacobs*, 110 F.R.D. 422 (N.D.Indiana 1986). In that case, the court refused to perpetuate the testimony of an alleged dying petitioner to be utilized in an unfiled wrongful death suit to be lodged subsequent to the time that he passed away. That court construed Rule 27(a)(2) in such a fashion as to make it impossible for the court to authorize the dispensation of the notice requirement and the court denied the petition which would have resulted in the deposition going forward. The court in this matter, finds the *Jacobs* case to be inapposite. In *Jacobs*, the moving parties sought to have potential adverse parties such as Union Carbide Corporation bound by the deposition to be taken after the court appointed counsel to represent Union Carbide's interest and the court refused to act under the circumstances. Here, however, the parties come before the court with due process having been complied with in that the Aegean interests are represented by counsel of their own choosing who have represented them in other causes at prior times. The court sees no reason why the twenty day period set forth in Rule 27(a)(2) is sacrosanct and cannot be modified[1] as are many other deadlines routinely modified by the court depending on the circumstances of a particular case. No prejudice will result to respondent since its interests are represented.

1. There appears to be a lack of case law on the issue of whether this time limit may be altered by

█ Aegean secondly opposes the motion filed herein on the basis that the parties have agreed to arbitrate disputes through London arbitration. It is argued that arbitration clauses in a maritime transaction are enforceable and that all discovery should be stayed until arbitration goes forward. In this regard, the Aegean interests cite the court to *Corpman v. Prudential–Bache Securities, Inc.*, 907 F.2d 29 (3rd Cir.1990) and *Suarez–Valdez v. Shearson Lehman/American Express, Inc.*, 858 F.2d 648 (11th Cir. 1988). The court has reviewed both of these decisions and the cases presented by mover Deiulemar. The court certainly agrees that discovery provisions of the Federal Rules are generally not available as an incident to an arbitration proceeding. However, the jurisprudence has recognized that discovery "in aid of arbitration" is permitted by the courts where a movant can demonstrate "extraordinary circumstances". "Necessity" in this context has been held to include discovery as is required "to present a proper case to the arbitrators". One such example of extraordinary circumstances occurs where a vessel with crew members possessing particular knowledge of the dispute is about to leave port. *Oriental Commercial and Shipping Company, Ltd. v. Rosseel*, 125 F.R.D. 398 (S.D.N.Y.1989). Even the *Suarez–Valdez* case cited by respondent recognizes the line of cases covering the special need for discovery but acknowledged it did not have that situation with which to deal. The court finds to exist in the current dispute at bar a special need for information which will be lost if action is not taken immediately. *Koch Fuel International v. M/V South Star*, 118 F.R.D. 318 (E.D.N.Y.1987); *Ferro Union Corp. v. SS Ionic Coast*, 43 F.R.D. 11 (S.D.Tex.1967). The arbitrator may then make what use of the deposition he/she deems appropriate. *Ferro Union Corp. v. SS Ionic Coast, supra.*

Accordingly, the court ORDERS that the following depositions shall go forward on February 23, 1994 at a time to be agreed upon by counsel: Dimitris Babalikas, Chief Engineer; Melchor Taclas, Third Mate; Rolando Paurillo, Helmsman on the M/V THEODORE C.

In connection with the depositions, the following documents shall be available:

the court.

(1) the deck log of the vessel, the bell book of the vessel, the engine room recorder for the vessel, the course recorder for the vessel. These items shall be available for the date of the accident.

(2) the engine log book for the period thirty days prior to the incident until January 1, 1994; the maintenance records for the steering system of the vessel for a period thirty days prior to the incident; any and all reports of the captain, deckhands, or engineers regarding the incident in dispute and the equipment involved therein for a period thirty days prior to the incident until ten days thereafter; and the maintenance records for the engine for a period thirty days before the incident.

As to the documents to be produced, if counsel finds the order of the court to be excessively burdensome after speaking with his principles and/or crew, the court will entertain a motion to reconsider the scope of the order. Counsel may contact the court telephonically in this regard.