**Daniel MCINTIRE, Plaintiff,**

**v.**

**CHINA MEDIAEXPRESS HOLDINGS, INC., et al., Defendants.**

**In re China MediaExpress Holdings, Inc. Shareholder Litigation**

**11–cv–804 (VM)**

United States District Court,
S.D. New York.

Signed 04/28/2017

Samuel Howard Rudman, Robbins Geller Rudman & Dowd LLP, Melville, NY, Jason Allen Zweig, Hagens Berman Sobol Shapiro LLP, New York, NY, Jeffrey A. Berens, Law Office of Jeffrey A. Berens, LLC, Denver, CO, Jeniphr Breckenridge, Pro Hac Vice, Steve W. Berman, Pro Hac Vice, Hagens Berman Sobol Shapiro LLP, Seattle, WA, Marshall Pierce Dees, Pro Hac Vice, Holzer & Holzer, LLC, Atlanta, GA, Reed Richard Kathrein, Hagens Berman Sobol Shapiro LLP, Berkeley, CA, for Plaintiff.

Miles Norman Ruthberg, Latham & Watkins LLP, Gazeena Kaur Soni, Sidley Austin LLP, New York, NY, David Andrew Gordon, Pro Hac Vice, Sidley Austin LLP, Chicago, IL, Michael Dana Warden, Pro Hac Vice, Sidley Austin LLP, Washington, DC, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

Loeb & Loeb LLP ("Loeb") and Eugene Licker ("Licker"), a former partner at Loeb, represented China MediaExpress Holdings, Inc. ("CCME") until they withdrew as counsel in June 2013. In January 2014, this Court entered a default judgment against CCME. On July 7, 2016, this Court appointed Charles La Bella ("La Bella") as Special Receiver (the "Special Receiver") for CCME for purposes of investigating malpractice claims against CCME's former counsel.

On March 23, 2017, the Special Receiver sent document and deposition subpoenas ("the Subpoenas") to Loeb and Licker and, on March 29, 2017, initiated an arbitration against Loeb, alleging claims of professional negligence and breach of fiduciary duty. Loeb asked the Special Receiver to withdraw the Subpoenas in light of the demand for arbitration, but the Special Receiver declined to do so.

By letter dated April 4, 2017, Loeb and Licker request a pre-motion conference regarding their contemplated motion to quash the Subpoenas. ("Motion," Dkt. No. 294.) Loeb and Licker argue that: (1) the Subpoenas go beyond the kind of discovery New York's Civil Procedure Law and Rules ("C.P.L.R.") Section 5224 provides for judgment creditors, as they seek information regarding Loeb's representation of CCME, rather than the income, property, or assets of CCME; (2) the Subpoenas are an improper attempt to obtain discovery for use in the arbitration, which allows for more limited discovery; and (3) the Subpoenas are overly broad and unduly burdensome. (Id.)

By letter dated April 7, 2017, the Special Receiver argues that (1) the Subpoenas were not issued pursuant to the C.P.L.R., but instead pursuant to the investigatory power authorized by the court order appointing La Bella as Special Receiver; (2) the commencement of the arbitration does not limit the Special Receiver's investigatory powers and ability to seek discovery, and, in any event, the discovery was sought before the commencement of the arbitration proceeding; (3) conducting discovery now would save time, because it may take time to select an arbitrator and begin the arbitration; and (4) Loeb's contention that the Subpoenas are overly broad and unduly burdensome is not a proper basis for quashing the subpoenas. ("April 7 Letter," Dkt. No. 295.)

The Court now construes the correspondence described above as a Motion by Loeb and Licker to quash the Subpoenas served upon them by the Special Receiver. For the reasons described below, the Motion is granted.

## I. DISCUSSION

The Special Receiver argues that his power to conduct discovery is similar to that of a bankruptcy trustee, who may, "except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor ... and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. Section 1106(a)(3).

The power of a receiver, however, is limited. "The plaintiff in his capacity of receiver has no greater rights or powers than the corporation itself would have. A receiver may commence lawsuits, but stands in the shoes of the corporation and can assert only those claims which the corporation could have asserted." Eberhard v. Marcu, 530 F.3d 122, 132 (2d Cir. 2008) (internal citations and quotations omitted); see also 28 U.S.C. Section 959 (a receiver "shall manage and operate the property in his possession ... in the same manner that the owner or possessor thereof would be bound to do if in possession thereof"). A court order that appoints a receiver to do a specific task "define[s] the Receiver's duties and purpose, not his powers." Cobalt Multifamily Inv'rs I, LLC v. Arden, 46 F.Supp.3d 357, 361 (S.D.N.Y. 2014).

" '[D]iscovery on the subject matter of a dispute to be arbitrated should be denied in the absence of extraordinary circumstances.' " Hughes, Hooker & Co. & Hughes, Hooker (Correspondents) S.A. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc., No. 04 CIV. 1859, 2005 WL 1384055, at *7 (S.D.N.Y. June 9, 2005)

(quoting Falcone Bros. P'ship v. Bear Stearns & Co., 699 F.Supp. 32, 35 (S.D.N.Y. 1988)) (denying motion for discovery prior to arbitration because "Plaintiffs have demonstrated no reason why the requested discovery must be had immediately"). The test for extraordinary circumstances is "necessity rather than convenience." Oriental Commercial & Shipping Co. v. Rosseel, N.V., 125 F.R.D. 398, 400 (S.D.N.Y. 1989). "The term 'exceptional circumstances' addresses situations where a party's ability to properly present its case to the arbitrators will be irreparably harmed absent court ordered discovery." Id. at 401; see also Cotter v. Shearson Lehman Hutton, Inc., 126 F.R.D. 19, 21 (S.D.N.Y. 1989) (determining that crew members needed to be deposed before their ship left port). A court may also permit pre-arbitration discovery "to preserve the relevant evidence and to promote efficiency in the proceedings" when there may be a long wait for an arbitration panel to be appointed. In re Application of Nat'l. Broad. Co., Inc., No. M-77, 1997 WL 33442116, at *3 (S.D.N.Y. Aug. 1, 1997). Contrary to the Special Receiver's argument, these rules of law also apply to domestic arbitrations. See Oriental Commercial & Shipping Co. v. Rosseel, N.V., 125 F.R.D. 398, 401 (S.D.N.Y. 1989) (denying motion for order compelling depositions in aid of an arbitration before the American Arbitration Association).

■ The Special Receiver appears to argue that because the Subpoenas were issued prior to the commencement of arbitration, the power of the Special Receiver to conduct discovery is not limited by the powers of the arbitrator or by the rules of discovery applicable to this litigation. The Court is not persuaded that the Special Receiver's powers are so unrestrained. The Special Receiver, because he stands in CCME's shoes, does not have a subpoena power that exceeds that of CCME.

In any event, the Court is persuaded that the purpose of the Subpoenas is not to investigate whether CCME has claims against Loeb, but to obtain evidence in support of those claims. First, the Subpoenas were issued a mere six days prior to the commencement of the arbitration. Second, the broad scope of the subpoenas appears to encompass any documents related to Loeb's representation of CCME, which is the subject matter of the arbitration. Third, the Special Receiver himself claims that "[b]ased on documents possessed by the Receivership, there is ample evidence that Loeb provided an insufficient defense of CCME ...." (April 7 Letter at 1.) Taking the Special Receiver at his word, further investigation of whether the Special Receiver has claims against Loeb should not be necessary; without the existence of such evidence, the Special Receiver perhaps would not have commenced the pending arbitration proceeding.

The Court is persuaded instead that the Special Receiver seeks discovery regarding the subject matter of the claims currently in arbitration. The Special Receiver, however, has made no showing of extraordinary circumstances permitting such discovery. The Special Receiver may not use his status as a court-appointed Special Receiver to flout the primacy of the arbitrator or to get a head-start on pursuing discovery of the claims that are subject to arbitration.

## II. ORDER

Accordingly, it is hereby

ORDERED that the motion of Loeb & Loeb LLP ("Loeb") and Eugene Licker ("Licker") to quash subpoenas for documents and testimony served upon Loeb and Licker by Charles La Bella, Special

Receiver for China MediaExpress Holdings, Inc. (Dkt. No. 294) is **GRANTED.**
**SO ORDERED.**